140 So. 564

## POUNDERS v. NIX.

### 8 Div. 367.

Supreme Court of Alabama.
March 24, 1932.

H. H. Hamilton, of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellee.

**KNIGHT, J.**

This is the second appeal in this case by appellant from judgments in favor of appellee in the court below. The first appeal resulted in a reversal of the judgment of the court be-

low in overruling the defendant's (appellant's) objection to a certain question propounded to the witness Joe Burrow. Pounders v. Nix, 222 Ala. 27, 130 So. 537.

This suit was brought to recover possession of a certain described tract of land. The defendant filed a disclaimer, under section 7457 of the Code, and suggested that the suit was over a disputed boundary line. Defendant's contention as to the correct boundary line between his lands and those of the plaintiff was set forth in his written answer to the suit. Upon the filing of this answer and disclaimer by the defendant, the plaintiff filed replication, in which he stated his contention as to the true boundary line. The respective contentions of the parties as to the true boundary line appear in the report of the former appeal. Pounders v. Nix, supra.

■ The law of the case, as well as the latitude allowed to the parties in offering evidence in support of their respective contentions, was settled on the former appeal.

A number of objections were made and exceptions reserved by the defendant to rulings of the court on admission and exclusion of evidence offered on the trial. It would serve no useful purpose to set the same out at length herein. It will suffice to say that each error complained of in this respect has been carefully examined, and we find no reversible error in any of the rulings of the court, either in the admission or exclusion of evidence.

■ It is also insisted for error that the court erred in refusing to give the jury, at the written request of the defendant, the general affirmative charge in its behalf. The defendant was not entitled to have the jury so instructed in this case. The evidence was in conflict, and inferences could well have been drawn therefrom by the jury unfavorable to the contention of the defendant. In such cases the general affirmative charge should not be given. Tobler v. Pioneer Min. Co., 166 Ala. 482, 52 So. 86; Smoot v. M. & M. Ry. Co., 67 Ala. 17; Tabler v. Sheffield, 87 Ala. 309, 6 So. 196.

It is also strenuously argued that the defendant was due a new trial, for which he duly moved, in the court below, upon a number of grounds which are set out in the motion.

■ The evidence offered and relied upon by the defendant in support of its motion was mostly cumulative, and for that reason, as for such evidence, the verdict should not have been disturbed. Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45; Alabama Mid. R. Co. v. Johnson, 123 Ala. 197, 26 So. 160; Smith v. B. R. L. & P. Co., 147 Ala. 702, 41 So. 307; Southern Hardware & Supply Co. v. Block Bros., 163 Ala. 81, 50 So.

1036; Wilkinson v. Bottoms, 174 Ala. 122, 56 So. 948.

We have carefully considered all the evidence submitted on the motion for a new trial, as well as the several exceptions reserved by the defendant to the ruling of the court sustaining objections of the plaintiff to questions propounded by defendant to witnesses, examined by him on the hearing of said motion, and we are at the conclusion that there was no error in any of the rulings of the court assigned as error, and that the court properly overruled defendant's motion for a new trial.

■■ The plaintiff demurred to the sixth ground of defendant's motion for a new trial, and the court sustained the demurrer. We may say here that in our practice a demurrer is not necessary to test the sufficiency of a motion for a new trial, for, if the motion does not state a ground authorizing the granting of a new trial, it will be overruled and disallowed. In sustaining plaintiff's demurrer to the sixth ground of the defendant's motion, there was no error committed prejudicial to defendant, because this ground of the motion would not entitle defendant to a new trial.

It follows, therefore, that the judgment of the law and equity court of Franklin county is due to be, and is, here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.