88 So.2d 358

Thomas F. NELSON et al.

v.

James W. JOHNSON.

8 Div. 731.

Supreme Court of Alabama.

June 14, 1956.

Peach, Caddell & Shanks, Decatur, for appellants.

Russell W. Lynne, Decatur, for appellee.

LIVINGSTON, Chief Justice.

This is an action by plaintiff, James W. Johnson, against defendants, Thomas F. Nelson and the City of Decatur, to recover

**425**

damages for injuries sustained by plaintiff in a collision between a motorcycle driven by plaintiff, and a truck driven by Nelson, the truck being owned by the City of Decatur. This appeal was perfected from a judgment awarding damages to plaintiff. The two principle questions to be decided on this appeal are whether the complaint alleges that Nelson was engaged in performing a corporate function of the City of Decatur, and if it does, whether the evidence introduced by plaintiff is sufficient to make out a case for the jury.

The material portion of the complaint is as follows:

"* * * and the said defendant, the City of Decatur, Alabama, acting through its said agent, servant or employee, Thomas F. Nelson, who at said time and place was then and there acting within the line and scope of his employment, engaged in and about the following businesss, namely, the operation of defendant's motor truck or motor vehicle which was being used at the time for the purpose of hauling oil or other inflammable fuel to various and sundry locations in the city of Decatur, Alabama, for the purpose of refueling signal flares or torches which were placed about the streets of the city of Decatur, Alabama, where said streets were being repaired so as to designate barriers and to warn the general public of their presence, and plaintiff alleges that the said flares were being used by the said city as a part and parcel of its street's repairing or maintenance thereof; and, the plaintiff avers that while defendant's motor truck was being so used and while defendant's said agent, servant, or employee, while acting within the line and scope of his said employment was driving the said automobile or truck belonging to said municipality, in a westerly direction on East Lafayette where the same intersects and crosses the said Alabama Street or U. S. Highway #31, and so negligently operated said motor vehicle at the time and place and while so acting within the line and scope of his said employ-

ment or authority, ran the same into, against or over the motorcycle of plaintiff so as to cause great damage and injury to plaintiff, * * *."

Defendants separately and severally demurred to this complaint on the ground that the use of the vehicle for the purposes alleged was not in the discharge of any corporate or ministerial function of a municipality. Appellants contend that it was error to overrule this demurrer as to the defendant municipality.

 To hold a municipality liable for the negligent act of one of its agents, it is necessary to allege facts showing that the agent is engaged in the performance of a ministerial or corporate work and not a governmental function. City of Tuscaloosa v. Fitts, 209 Ala. 635, 96 So. 771; McSheridan v. City of Talladega, 243 Ala. 162, 8 So.2d 831; City of Bay Minette v. Quinley, 263 Ala. 188, 82 So.2d 192. This court has determined and settled that the maintenance of public streets is a corporate function of a municipality and that the municipality is liable for the negligent performance of that function by its agents where such negligence results in injury. Hillman v. City of Anniston, 214 Ala. 522, 108 So. 539, 46 A.L.R. 89; Id., 216 Ala. 661, 114 So. 55; City of Anniston v. Hillman, 220 Ala. 505, 126 So. 169; City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23; City of Birmingham v. Whitworth, 218 Ala. 603, 119 So. 841.

██ In City of Birmingham v. Whitworth, supra, this court held that a complaint which alleged that defendant municipality's agents were engaged in the operation of defendant's truck to haul slag or cinders for the purpose of building, maintaining, or repairing a portion of the public streets alleged the performance of a ministerial function. We see no material distinction between hauling slag or cinders to be used in the maintenance of streets and in the hauling of oil or other inflammable fuel to points in the city to refuel signal flares which were placed about excavations in the streets to warn the public of danger. Part of a municipality's duty

to maintain its streets is the duty to erect guards or warning signals at places where the city leaves excavations in the streets, and the municipality is liable for injuries caused by the negligent failure to do so. City of Birmingham v. Young, 246 Ala. 650, 22 So.2d 169, and cases cited therein. In Millar v. Town of Wilson, 222 N.C. 340, 23 S.E.2d 42, 44, the complaint alleged that the injury occurred late in the afternoon while defendant's agents were on the way to place lights about a hole which a city agency had dug in the street in order to work on water equipment. The court held that the defendant's demurrer was properly overruled, and said:

"Here the defendant's employee was on his way to place a protective light at a dangerous hole in the street. He was undertaking to make safe that which was unsafe and to protect the city against liability for failure to maintain its streets in a reasonably safe condition. This act was intimately connected with and directly related to the duty of the city to maintain its streets. We are of the opinion that it must be classified as part and parcel of the performance of that duty."

██ We are convinced that the same reasoning applies to the case before us and that the complaint alleges that Nelson was engaged in the performance of a corporate function of the City of Decatur at the time of the injury to plaintiff.

The evidence reveals that defendant, Nelson, was an employee of the Street Department of the City of Decatur, whose duty, on the day of the accident, was to service signal flares which were placed about excavations at two places in the streets of Decatur. To accomplish this mission, he was furnished with a truck by the city which he was to keep at his home over the week end. In addition to servicing the flares, he was to be on call to answer any complaints concerning the street department. On Saturday afternoon, he lighted the flares, and on Sunday morning proceeded in the truck to the locations of the excavations where he blew out the lights, refilled the containers with

fuel and set them in place to be relighted before dark. He then went to the city garage and stayed for about an hour. Between 12 noon and 1:00 P. M., he left the garage in the city truck to return to his home where he would wait until late afternoon when he would drive out and relight the flares. In the truck, Nelson had some flares and a five-gallon oil can in which was the remainder of the oil that had been used to refill the flares, and which was to be used in the afternoon in the event any of the flares had been turned over and spilled during the day. It was on this trip to Nelson's home that the accident which caused injury to plaintiff occurred.

Appellants' contention is that the evidence does not prove performance of a corporate function by Nelson, and further, that there is a variance between the allegations and the proof and the affirmative charge should have been given for the defendant City of Decatur.

 We think it clear that the evidence is sufficient to justify a finding that at the time of the accident Nelson was engaged in the business of hauling fuel oil to various locations in the city to refuel signal flares. It is true that at the time, he had already filled the flares and was returning to his home to wait until time to drive back out and light the flares for the night, but it cannot be said that his mission was complete until he had completed the return trip to the place of duty, which in this case was his home; nor can we say that the fact that he was on the return trip is at variance with the allegations. To do so would be to hold that he had completed his mission at the time of filling the flares, and that on his return trip he was engaged in a function other than the maintenance of streets. The test is the service in which the employee is engaged. City of Bessemer v. Barnett, supra. The rule which has been approved for determining whether certain conduct of an employee is within the line and scope of his employment is substantially that if an employee is engaged to perform a certain service, whatever he does to that end, or in furtherance of the employment, is deemed by law to be an act done within the scope of the

employment. Railway Express Agency v. Burns, 225 Ala. 557, 52 So.2d 177; Rochester-Hall Drug Co. v. Bowden, 218 Ala. 242, 118 So. 674. Here, Nelson had the duty to service the flares and whatever he did to that end was within the scope of his employment. The issue was properly left to the determination of the jury.

 Assignments of Error 9, 10 and 11 are directed toward the court's sustaining of plaintiff's objections to questions propounded to plaintiff concerning incidents which defendants contend to show bias and hostility on the part of plaintiff. The extent of cross-examination on irrelevant facts, for the purpose of testing bias or credibility of the witness' testimony is a matter resting largely in the discretion of the trial court, and his ruling will not be disturbed unless it appears that he has abused his discretion to the prejudice of the complaining party. Birmingham Ry L. & P. Co. v. Lipscomb, 198 Ala. 653, 73 So. 962; Alabama Power Co. v. Berry, 222 Ala. 20, 130 So. 541; Louisville & N. R. Co. v. Martin, 240 Ala. 124, 198 So. 141; Housing Authority of City of Decatur v. Decatur Land Co., 258 Ala. 607, 64 So.2d 594. Here, the court's ruling did not prejudice the defendant, for immediately after this ruling the witness was allowed to testify that he had "bad feelings" for the officials of Decatur and "ill-will" towards the defendant, Nelson.

The court gave the following written charge at the request of the defendant:

"If you are reasonably satisfied from the evidence in this case that plaintiff was himself guilty of negligence which proximately contributed to cause his injuries and damages on the occasion complained of, you cannot return a verdict for the plaintiff."

Immediately after giving this charge, the court charged orally as follows:

"That is subject to that part of the charge given you orally as to subsequent negligence, but if under the terms of that charge the defendants were guilty of negligence which proximately brought about the injury and

that followed the contributory negligence then the contributory negligence would not be a defense."

 In overruling defendant's motion for a new trial, the trial court said that in his opinion the explanation was proper in order to make clear to the jury that the issue was one of causation, and that in order for the defendant to be liable for subsequent negligence, this negligence would have to follow the contributory negligence and be the proximate cause of the injury. We are in accord with the trial court, and are of the opinion that this did not operate as a qualification of the charge given at defendants' request. The court's charge was an explanation of the type approved by Alabama decisions. Bell's Adm'r v. Troy, 35 Ala. 184; Eiland v. State, 52 Ala. 322; Callaway & Truitt v. Gay, 143 Ala. 524, 39 So. 277; St. Louis & S. F. R. R. Co. v. Hall, 186 Ala. 353, 65 So. 33; Davis v. State, 216 Ala 475, 113 So. 393.

The points of law contained in each of the charges which defendants argue it was error to refuse were substantially covered either in the court's oral charge or in other charges given at the request of defendants; therefore, we cannot say that any error in the refusal of these charges has probably injuriously affected rights of the parties. Under these circumstances, there is no error to reverse. Supreme Court Rule 45, Code 1940, Title 7 Appendix.

It was not error to allow the plaintiff's attorney to draw a diagram of the scene of the accident on the floor of the courtroom on which a witness placed marks indicating the location of objects about which he testified. This diagram is not evidence and it was proper to allow the witness to use it to give a graphic demonstration of his testimony. Campbell v. State, 23 Ala. 44; Shook v. Pate, 50 Ala. 91; Wilkinson v. State, 106 Ala. 23, 17 So. 458; Alabama Power Co. v. Jones, 212 Ala. 206, 101 So. 898; Carter v. Commonwealth, 260 Ky. 538, 86 S.W.2d 290.

Careful examination of the record does not reveal that the ruling of the trial court in denying defendants' motion for a new trial should be disturbed on either of the grounds argued by appellant; namely, that the verdict is contrary to the law of the case and that the verdict is against the great preponderance of the evidence.

There being no error to reverse appearing in the record, the judgment of the lower court is due to be, and is hereby, affirmed.

Affirmed.

SIMPSON, GOODWYN and SPANN, JJ., concur.