92 So.2d **3**

James O. BISHOP

v.

Horace A. FORDHAM et al.

6 Div. 54.

Supreme Court of Alabama.

Jan. 10, 1957.

McDonald & Moon, Birmingham, and Love & Hines, Talladega, for appellant.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellee.

MERRILL, Justice.

The appellant brought suit against Horace A. Fordham and Lynn Council, individually, and A & A Used Cars, a partnership composed of Fordham and Council, to recover for injuries sustained in an automobile accident. The theory of the suit was that the injury was inflicted by the defendants through their agent, James R. Carter, while acting within the line and scope of his authority. The evidence showed that the Mercury automobile which collided with appellant's car in Shelby County on April 24, 1953, at 4:25 A.M. was driven by the said Carter.

Just before the jury retired the trial court gave Charge No. 3 at the request of the defendants which reads:

"If you believe the evidence, you cannot return a verdict in favor of the plaintiff and against the defendants."

The verdict was in favor of the defendants, and from a judgment in accord therewith, the plaintiff brings this appeal. The first assignment of error is that the court erred in giving requested written Charge No. 3 for the defendants.

The sole question before us under this assignment of error is whether plaintiff's evidence of defendants' ownership of the car which Carter was driving and of Carter's agency was sufficient to present a question for the jury.

The only connection established by plaintiff between the defendants and Carter was testimony by one William Marcus Dunlap, who testified that he went to defendants' used car lot on the same day the accident happened and talked with Fordham about the accident. He testified that he asked Fordham if he owned a black 1946 or 1947 Mercury and Fordham said he did; that he further asked Fordham if he knew James Richard Carter, the driver of the Mercury automobile which collided with appellant's car and Fordham answered that he knew Carter, and that Carter "worked there" or "worked around there".

Appellant argues that this evidence, which was denied by defendants, was sufficient for the jury to infer ownership of the automobile involved in defendants, and the agency of Carter, thus raising a question for the jury and rendering the giving of the affirmative charge with hypothesis reversible error.

It is true that a defendant is not entitled to the general affirmative charge where conflicting evidence and inferences drawable therefrom will support a verdict for the plaintiff. Pounders v. Nix, 224 Ala. 393, 140 So. 564; Tobler v. Pioneer Min. & Mfg. Co., 166 Ala. 482, 52 So. 86; 18A Ala.Dig., Trial, ☞142, 143.

It is also well settled in this state that proof of a defendant's ownership of a vehicle causing injury raises an administrative presumption that the operator of the vehicle was the agent or servant of the owner, acting within the line and scope of his employment as such. Rogers v. Hughes, 252 Ala. 72, 39 So.2d 578; Cox v. Roberts, 248 Ala. 372, 27 So.2d 617, 618; Craft v. Koonce, 237 Ala. 552, 187 So. 730. This presumption is rebuttable and for a good statement of the law on this subject we quote from Cox v. Roberts, supra, where we said:

"Under the recent decisions of this court, when the plaintiff in a damage suit for the negligent operation of an automobile proves that the car causing the damage was owned by the defendant, the law raises a presumption that the person who was operating the car at the time of the collision was operating it as the owner's agent, and was

acting within the line and scope of his authority. [Citing cases.]

"As to the nature or character of this presumption, it is said in Tullis v. Blue, supra (216 Ala. 577, 114 So. [185] 187): 'It is well settled that those presumptions do arise from proof of the defendant's ownership of the vehicle; but it is well settled also that they are prima facie presumptions merely, or, as they are sometimes called administrative presumptions, based upon considerations of fairness and convenience in placing the burden of proof. They are not in themselves evidence, and in practice their effect is merely to impose upon the defendant the burden of showing that the driver was not his agent, or that, if he was, he was not acting within the scope of his authority or in the course of his employment.'

"In Cruse-Crawford Mfg. Co. v. Rucker, supra, it was held that this presumption 'is not an inference of fact, and that it has no intrinsic value as an inference, but that it serves in the place of evidence only until evidence to the contrary is adduced when it becomes functus officio.' And in Craft v. Koonce, supra (237 Ala. 552, 187 So. 731), in dealing with the character of this presumption, it was said as follows: 'This is a procedural expedient and takes the place of evidence respecting matter peculiarly known to defendants, but necessary to sustain plaintiff's cause of action, and is distinguishable from an inference of fact properly deducible from what is proven. When plaintiff proves such ownership of the car by defendant, and thereby brings into being the presumption to which we have referred, he need not offer further proof that the operator of the car was the agent of defendant, and in the line and scope of his authority, until and unless defendant has offered proof that he was not acting for defendant in the line and scope of his authority.'

"This presumption is, of course, rebuttable and if the evidence is strong, clear and undisputed to the effect that the operator of the car at the time of the collision was not acting as the agent of the owner or was not within the line and scope of his authority, the owner defendant would be entitled to the general affirmative charge with hypothesis when requested in writing. [Citing cases.]

"But where the rebutting proof of the owner defendant is weighted by circumstances tending to bring it into suspicion and doubt or is of such a character as to support a reasonable inference that the car was being operated in the owner's business or for his pleasure or benefit, the general affirmative charge with hypothesis should not be given at the request of the defendant. [Citing cases.]"

Assuming that the statements attributed to Fordham that he "owned" the Mercury and that Carter "worked there" or "worked around there" were sufficient to raise the administrative presumption of agency, we think that presumption was adequately rebutted by the following noncontroverted testimony.

Both defendants denied that Carter was on any mission for them. They testified that they had no business of any kind to be performed by an agent in Shelby County, particularly at 4:25 A.M. They testified that Carter had never worked for them and had never done anything for them except to purchase automobiles from them. They had only one employee at the time involved and he was a Negro who was employed part time to wash cars. They showed the bill of sale and a conditional sales contract showing the sale to have been made to Carter four days prior to the collision. One Guy testified that Carter showed him a bill of sale to the car from defendants after the accident as proof of his ownership of the wrecked car. They showed that Carter had been employed by Baggett Transportation Company and that

he had worked a full eight hour shift for Baggett the day before the accident occurred. Also, one Labord, a friend of Carter's, testified that Carter had never worked for defendants, but had been an employee of Baggett Transportation Company throughout the time he had known him, which was since 1949.

Thus we find that the evidence is strong, clear and undisputed to the effect that the operator of the car at the time of the collision was not acting as the agent of the owner or was not within the line and scope of his authority; and in such circumstances the defendants were entitled to the affirmative charge with hypothesis which was requested in writing. Cox v. Roberts, supra, and cases therein cited.

In view of the above, it is not necessary to discuss the remaining assignments of error.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.