129 So.2d 676

**RED'S ELECTRIC COMPANY, Inc.**

v.

**James E. BEASLEY.**

**6 Div. 613.**

Supreme Court of Alabama.

March 30, 1961.

Rehearing Denied May 18, 1961.

Jones, McEachin & Ormond and Bruce McEachin, Tuscaloosa, for appellant.

DeGraffenried, deGraffenried & deGraffenried, Tuscaloosa, for appellee.

MERRILL, Justice.

Appeal from a judgment in favor of plaintiff, appellee, for $5,000, resulting from injuries received while riding as a guest with appellant's employee who was driving appellant's panel truck. The cause was submitted to the jury on two counts charging wantonness. A motion for a new trial was overruled.

The main question is whether appellant's employee, Bodiford, was acting within the line and scope of his employment for appellant at the time appellee was injured. This point is raised by assigning as error the refusal of the trial court to give the affirmative charge with hypothesis as to each count as requested by appellant.

Appellee adduced evidence that the truck belonged to appellant. One of the documents tended to show that it belonged to the employee, Bodiford, who was driving, but we resolve this conflict in appellee's favor, as the evidence supports appellant's ownership and it was so treated by both parties on the trial. Proof of defendant's ownership of the truck and its operation by defendant's employee raises a presumption that it was at the time being operated in the owner's business.

But this is an administrative presumption only, based upon considerations of fairness and convenience in placing the burden of proof, and is not in itself evidence. And if the evidence clearly, and without conflict, shows the truck was not being so operated, and the circumstances do not support a reasonable inference to the contrary, this administrative presumption gives way and the truck owner is due the affirmative charge. Perfection Mattress & Spring Co. v. Windham, 236 Ala. 239, 182 So. 6; Bishop v. Fordham, 265 Ala. 432, 92 So.2d 3.

To recover against defendants upon the theory of respondeat superior, it was incumbent upon plaintiff to show that the act was done within the scope of Bodiford's employment and was committed in the accomplishment of objects within the line of his duties, or in or about the business or duties assigned to him by his employer. Smith v. Brown-Service Ins. Co., 250 Ala. 613, 35 So.2d 490; Martin v. Anniston Foundry Co., 259 Ala. 633, 68 So.2d 323.

Another principle by which the facts must be tested is that an employee using an automobile, whether belonging to

his master or to himself, in going to and from his place of work is not at such times regarded as engaged in work for his master but is acting solely for his own purposes. Smith v. Brown-Service Ins. Co., 250 Ala. 613, 35 So.2d 490; Stevens v. Deaton Truck Line, 256 Ala. 229, 54 So.2d 464.

On Wednesday, November 26, 1958, the day before Thanksgiving, J. L. Bodiford, Jr. closed the business of Red's Electric Company, Inc., at 105 Hargrove Road, around 5:00 P.M. and it was to stay closed until the following Monday. He went next door to appellee's place of business. Appellee was drinking whiskey. They left there, appellee in his automobile and Bodiford in his employer's Volkswagen panel truck, and went to the home of Mrs. Lorraine Leland, at No. 6 Parkwood, where appellee discussed getting a boxer puppy from Mrs. Leland. More whiskey was consumed while there. Appellee drove his automobile back to his place of business. He was followed by Mrs. Leland's son, driving the panel truck, and after appellee parked his car, he returned in the truck to the Leland home. According to Mrs. Leland, appellee was "drinking quite a bit" and Bodiford "was drinking."

Bodiford and appellee left the Leland home and went to the post office where Bodiford mailed some letters and took some mail from a box rented to "Red's Electric Co., Mr. or Mrs. Jack Bodiford, Mr. or Mrs. David L. Black." The mail taken from the box was brought to the truck, looked at by Bodiford and placed in the glove compartment of the truck. Bodiford usually used this truck in going to and from home and the office or place of business.

From the post office, they went to Jones Furniture Company, arriving there about 7:00 P.M. They stayed there about two hours, Bodiford discussing the purchase of a mattress and some Christmas toys. More whiskey was consumed.

They finally left and drove across the river to a restaurant to get some coffee but decided not to go in. They then drove to Phillips on University Avenue but it was closed. It was then decided to take appellee to his home and to pick up Mrs. Bodiford who was visiting appellee's wife. Whether they were going first to appellee's home or Bodiford's home, University Avenue and the Birmingham Highway through Alberta was a proper route to take from where they were.

The highway at University Avenue on out to the Alberta City viaduct is six lanes wide, but it narrows to four lanes, the width of the viaduct. Bodiford was driving east in the right traffic lane about twenty-five miles per hour as he approached the viaduct. He would have to get in the traffic lane to his left to cross the viaduct. As he pulled to his left to get into this lane, both he and appellee observed a vehicle approaching at a rapid rate of speed from behind. Bodiford attempted to pull his truck back to his right. The vehicle passed without colliding with the truck, but the right rear wheel of the truck struck the curb at the point where the pavement narrowed, and Bodiford lost control of the truck. The truck went "weaving" to the left across the highway and ran into a pickup truck being driven west by one Horne, who had brought his truck to a stop at the north curb before the truck driven by Bodiford ran into it.

Appellee was injured and fell out of the truck. According to Bodiford, he fell out when the truck wheel hit the curb. Horne testified that appellee was lying to the right of the panel truck and to the rear of his truck. Appellee did not remember anything about the accident after he had looked around and saw the lights of the vehicle which was overtaking them. The accident happened between 11:00 and 11:30 P.M.

Conceding, arguendo, that Bodiford was still acting within the line and scope of his employment until he went to the post office prior to 7:00 P.M., we are unable to find any inference from the testimony that

anything Bodiford did after that time was done in the accomplishment of any objects within the line of his duties, or in or about the business or duties assigned to him by his employer. The appellee testified that neither he nor Bodiford were on any business for appellant at the time of the accident, and the sole purpose of the trip was to go to his home.

Paraphrasing the opinion in Smith v. Brown-Service Ins. Co., 250 Ala. 613, 35 So.2d 490,—from the evidence before us, it appears that Bodiford had not resumed that portion of his labors whereby he would have been in the service of the defendant. He was moving within the orbit of his own personal freedom, serving himself and his friend by traveling the mode and route of his choice and in a manner to suit his own convenience. The mere possession of mail and its deposit in the glove compartment of the truck was incidental only.

Under the facts and circumstances of this case, we are forced to the conclusion that at the time of the accident here involved, Bodiford was not engaged in the accomplishment of objects within the line of his duties, or in or about the business or duties assigned to him by his employer, but was at such time, driving the truck on a mission of his own. We think the trial court erred in refusing the affirmative charge with hypothesis requested by appellant. Some cases supporting this holding are Smith v. Brown-Service Ins. Co., 250 Ala. 613, 35 So.2d 490; Stevens v. Deaton Truck Line, 256 Ala. 229, 54 So.2d 464; Hays v. Deaton Truck Line, 264 Ala. 442, 87 So.2d 825; Bell v. Martin, 241 Ala. 182, 1 So.2d 906; Alabama Power Co. v. Watts, 218 Ala. 78, 117 So. 425; Perfection Mattress & Spring Co., 236 Ala. 239, 182 So. 6; Cox v. Roberts, 248 Ala. 372, 27 So.2d 617, and many other cases cited therein.

The trial court having erred in refusing to give the affirmative charge with hypoth-

esis requested by appellant, the judgment must be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.