154 So.2d 39

**W. L. JESSUP**

v.

**Erom SHADDIX.**

**7 Div. 574.**

Supreme Court of Alabama.

May 30, 1963.

Wilbanks & Wilbanks, Alexander City and Dempsey & Hardegree, Ashland, for appellee.

Knox, Jones, Woolf & Merrill, Anniston, for appellant.

LIVINGSTON, Chief Justice.

This is an action for damages for per-sonal injury to the plaintiff-appellee allegedly resulting from the conduct of the defendant, Douglas Coleman (not a party to this appeal), while acting in the line and scope of his employment with the defendant-appellant, W. L. Jessup, d/b/a Jessup Oil Company. The case was tried below on a single count charging simple negligence, and resulted in a jury verdict against both defendants in the amount of $2,000. Judgment was entered accordingly.

This appeal is by the defendant, W. L. Jessup, only, and the errors assigned are that the trial judge erred in refusing this defendant certain written requested charges; among these being the general affirmative charge, the affirmative charge with hypothesis, and several other charges which sought to explain to the jury the doctrine of respondeat superior as related to the case. There is but a single issue in the case, i. e., whether or not there was sufficient evidence that Coleman was acting in the line and scope of his employment to take the case to a jury.

Appellant is the owner of the Highway 280 Cafe and Truck Stop (filling station), at Hollins, Alabama. This consists of two separate buildings, some distance apart but having a common driveway. The cafe and filling station were leased to separate individuals at the time of the event here in question, but apparently appellant had some control over the operation of the gasoline station. Appellant's employee, Coleman, was in charge of the gasoline station at night. His duties were general, pumping gasoline, wiping windshields, selling oil, fan belts, oil filters, etc. He was not employed as a mechanic and did not work as one. On the night of the accident in question, business being slack, he undertook to do some work on his own personal automobile, which was parked at or near the gasoline station. This car was never used in connection with his employer's operations. In working on the car, he raised the hood and propped it open. He then proceeded to drive the car into the back of a pickup truck which was parked in front of the cafe. At the time he struck the truck, the plaintiff was just getting into it. She was knocked aside and injured.

Coleman's negligence and his employment with the appellant are admitted. The amount of damages is not questioned. Thus, the only problem before us is whether or not the trial court committed error in refusing to direct a verdict for the appellant.

To recover against the master on the theory of respondeat superior, it is incumbent upon the plaintiff to show that the act was done within the scope of the servant's employment and was committed in the accomplishment of objects within the line of his duties, or in or about the business or duties assigned to him by his employer. Red's Electric Co. v. Beasley, 272 Ala. 200, 129 So.2d 676; Stevens v. Deaton Truck Line, 256 Ala. 229, 54 So. 2d 464; Smith v. Brown-Service Ins. Co., 250 Ala. 613, 35 So.2d 490.

It is well established in this jurisdiction that where, by the undisputed evidence, the plaintiff has not shown that he is entitled to recover on his complaint, the court may direct a verdict for the defendant, and it is immaterial whether the jury believe the evidence or not. Stevens v. Deaton Truck Line, supra; Cannon v. L. & N. R. Co., 252 Ala. 571, 42 So.2d 340; O'Bar v. Southern Life & Health Ins. Co., 232 Ala. 459, 168 So. 580.

We now come to the question of what the plaintiff must show where he attempts

to recover against the master for the negligence of the servant under the doctrine of respondeat superior. In Red's Electric Co. v. Beasley, 272 Ala. 200, 129 So.2d 676, we find the following:

"To recover against defendants upon the theory of respondeat superior, it was incumbent upon plaintiff to show that the act was done within the scope of Bodiford's employment and was committed in the accomplishment of objects within the line of his duties, or in or about tthe business or duties assigned to him by his employer. Smith v. Brown-Service Ins. Co., 250 Ala. 613, 35 So.2d 490; Martin v. Anniston Foundry Co., 259 Ala. 633, 68 So. 2d 323."

█ It is true that in the above-cited case there was an administrative presumption that the servant was acting within the line and scope of his employment because the vehicle driven by the servant at the time of the accident was treated as belonging to the master. In the instant case, the undisputed testimony is that the car driven by the servant was his own car, and this administrative presumption is not applicable.

In Stevens v. Deaton Truck Line, supra, the plaintiff sued Deaton as the master and Roberts as the servant. This Court held that this relationship did in fact exist at the time of the accident involved in that case, however, the court stated:

"But such status or relationship in and of itself was not sufficient to make Deaton liable for the negligence of Roberts under all circumstances. To recover against Deaton upon the theory of respondeat superior it was incumbent upon plaintiff to show that the act done was within the scope of Robert's employment and was committed in the accomplishment of objects within the line of his duties, or in or about the business or duties assigned to him by his employer. Smith v. Brown-Serv-

ice Ins. Co., 250 Ala. 613, 35 So.2d 490.

\* \* \* \* \* \*

"We can see no possible benefit which Deaton could have derived from the trip which resulted in the accident. \* \*

" \* \* \* we think the trial court's action in directing a verdict for Deaton was correct. \* \* \*"

In Smith v. Brown-Service Insurance Co., 250 Ala. 613, 35 So.2d 490, the suit was against two defendants, based on the negligent act of their employee, Skipper. This court held that the relationship of employer and employee between the defendants and Skipper was established by the evidence. However, we held that the defendants were entitled to the affirmative charge, saying:

"But such status or relationship in and of itself was not sufficient to make the defendants liable for any negligence of Skipper. To recover against the defendants upon the theory of respondeat superior it was incumbent upon plaintiff to show that the act done was within the scope of Skipper's employment and was committed in the accomplishment of objects within the line of his duties, or in or about the business or duties assigned to him by his employers. \* \* \*

\* \* \* \* \* \*

"The criterion by which to fix liability on the employer is not the ownership vel non of the automobile driven by the employee, but whether or not at the time of the accident the employee was acting within the line and scope of his employment and was committing the accomplishment of objects within the line of his duties, or in or about the business or duties assigned to him by his employer. \* \* \*"

█ Indulging in every presumption most favorable to plaintiff, as we must do, the jury might have found from the evidence that the servant Coleman was within the scope of his employment, in that he was

still on the premises and ready to attend to any customers who might come in. However, we are clear to the conclusion that Coleman's act, in working on and driving his own car, was not done in connection with any duties assigned to him by the appellant, nor was it done in the accomplishment of objects within the line of his duties. The car upon which he was working was his own; it was never used in any manner pertaining to appellant's business. Appellant derived no benefit from the repair of the automobile. Coleman was not a mechanic and was not hired by appellant to do any mechanical work, and his attempt to repair his own car on his employer's time could not be said to be in furtherance of his employment or his employer's business.

From the record, we are clear to the conclusion that plaintiff failed to make out her case against the appellant and that the appellant was entitled to the affirmative charge with hypothesis.

Reversed and remanded.

SIMPSON, MERRILL and HARWOOD, JJ., concur.