653 So.2d 942 (1995)
John Edgar HUDSON and Carolyn Louise Hudson
v.
Martin MULLER.
1931395.
Supreme Court of Alabama.
January 13, 1995.
*943 John R. Galvin, Birmingham, for appellants.
Timothy P. Donahue of Clark & Scott, P.C., Birmingham, for appellee.
INGRAM, Justice.
John Edgar Hudson and his wife Carolyn Louise Hudson appeal from a summary judgment entered in favor of Martin Muller, the owner of 3M Farm, on the Hudsons' claims alleging negligence, wantonness, and loss of consortium. Mr. Hudson was injured when he was struck by a motor vehicle driven by Elizabeth Moore, an employee of 3M Farm. The Hudsons and Muller agreed to a voluntary dismissal of the Hudsons' claims against Moore, allowing the Hudsons to proceed solely against Muller.
The dispositive issue is whether the trial court erred in holding, as a matter of law, that Muller was not liable for Hudson's injuries under the doctrine of respondeat superior.
On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992); Elgin v. Alfa Corp., 598 So.2d 807 (Ala.1992). "The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact." McClendon, at 958; Elgin, at 810-11.
Rule 56 must be read in conjunction with the "substantial evidence rule," § 12-21-12, Ala.Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present *944 substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). On review of a summary judgment, this Court reviews the record in a light most favorable to the nonmovant and it resolves all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala.1993).
Muller, as the owner of 3M Farm, is engaged in the business of boarding horses at the 3M Farm horse stables. The Hudsons, like other customers, pay Muller to provide care and lodging for their horses at the farm. Elizabeth Moore is employed by Muller as the caretaker of 3M Farm. She and her husband live in a house provided by 3M Farm on the farm premises. Pursuant to her employment contract, Moore's duties as caretaker include caring for the horses and feeding them, as well as notifying owners of any sickness or injury sustained by their horses. Of particular importance in this case, however, is the evidence that Moore is required to be present at the farm 75% of her waking hours, so as to provide greater security for the premises. Moore is given the use of an old Ford pickup truck to perform her duties on the farm. However, Moore personally owns a Nissan Pathfinder vehicle that she occasionally uses in her farm work.
On May 22, 1993, Moore spent the morning checking on the horses and doing household chores. According to Moore, having decided to take the afternoon off, she drove her Pathfinder to the stables to gather grooming equipment; she planned to use the equipment to prepare for a horse show that evening. That show was not related to her work at the farm. Mr. Hudson was at the stable. After speaking to Mr. Hudson and retrieving the equipment, Moore got into the Pathfinder to drive back to the caretaker's house for lunch; this was in accordance with her usual practice of taking her lunches on the farm premises. She backed her vehicle into Mr. Hudson, pinning him between it and his pickup truck. Mr. Hudson sustained severe injuries to one of his legs in the accident.
To recover against a defendant under the theory of respondeat superior, the plaintiff must establish the status of employer and employee and must show that the act was done within the line and scope of the employee's employment. Wells v. Henderson Land & Lumber Co., 200 Ala. 262, 76 So. 28 (1917). An employee's tort is not attributable to his employer if it stems from personal motives and objectives of the employee. Plaisance v. Yelder, 408 So.2d 136 (Ala.Civ.App.1981). However, the fact that an employee is combining personal activities with the employer's business does not necessarily signify an action outside the scope of employment. Whittle v. United States, 328 F.Supp. 1361 (M.D.Ala.1971), citing Nelson v. Johnson, 264 Ala. 422, 88 So.2d 358 (1956). Further, this Court has stated:
"If there is any evidence in the record tending to show directly, or by reasonable inference, that the tortious conduct of the employee was committed while the employee was performing duties assigned to him, then it becomes a question for the jury to determine whether the employee was acting from personal motives having no relationship to the business of the employer."
Hendley v. Springhill Memorial Hosp., 575 So.2d 547, 550 (Ala.1990).
It is undisputed that Moore is an employee of Muller, doing business as 3M Farm. Accordingly, we need only determine whether, as a matter of law, Moore was acting outside the line and scope of her duties as the 3M Farm caretaker when she injured Hudson.
Viewing all reasonable inferences from the evidence most favorably to Hudson, Wilma Corp., supra, we hold that the question of whether Moore was acting within the line and scope of her employment when she injured Hudson is properly a factual matter for a jury. As noted above, one of Moore's primary obligations as caretaker was to remain at the farm for the majority of her waking hours, in order to provide security for the farm. A jury could find that Moore was present at the stables for both a personal *945 purpose (to prepare for the horse show) and a business purpose (to ensure the farm's security); Moore's presence there for a personal purpose, in addition to a business purpose, would not negate the imposition of respondeat superior liability for her actions. Whittle, supra. A jury could reasonably determine that Moore was acting in the furtherance of her duties as caretaker through her presence at the stables while Hudson, a customer of the farm, was also at the stables. In addition, a jury could reasonably infer that Moore's decision to drive to the caretaker's house for lunch was also in furtherance of her duty to be present and available on the farm premises. We also note that although Moore stated that she was not acting as Muller's employee at the time of the accident, Hudson stated that Moore appeared to be acting as the farm caretaker while they were both at the stables.
We conclude that the unique residence requirements of Moore's caretaker position, when combined with the circumstances of this accident and the conflicting testimony of Moore and Hudson, make the issue of Muller's liability for Moore's actions one of fact, not of law. Hendley, supra. Accordingly, the trial court erred in entering a summary judgment for Muller. That judgment is reversed.
REVERSED AND REMANDED.
ALMON, SHORES and COOK, JJ., concur.
STEAGALL, J., concurs in the result.
MADDOX and HOUSTON, JJ., dissent.
HOUSTON, Justice (dissenting).
Judge Marvin Cherner based the summary judgment on this Court's case of Jessup v. Shaddix, 275 Ala. 281, 154 So.2d 39 (1963). The majority opinion does not distinguish or overrule Jessup. I think Judge Cherner's judgment should be affirmed, because I cannot distinguish this case from Jessup.
MADDOX, J., concurs.