I must respectfully dissent from the majority's reversal of the trial court's order of dismissal in this case. Although the majority does not address it, the decisive issue in this appeal is whether Dison was acting in his capacity as an employee of Food Giant or in his capacity as a police officer when the alleged acts took place. If Dison was acting as an employee of Food Giant when he arrested Whitely, then Food Giant could be held liable for Dison's actions under the theory of respondeat superior. See Hudson v. Muller, 653 So.2d 942, 944 (Ala. 1995). However, if Dison was acting in his capacity as a police officer, and not within the line and scope of his employment with Food Giant, then Food Giant cannot be held responsible for Dison's alleged assault and battery, false imprisonment, or malicious prosecution. See Hudson, 653 So.2d at 944.
Food Giant argues that the supreme court has already determined that the status of an off-duty police officer serving as a security guard changes at the moment he witnesses a misdemeanor, threatened breach of the peace, or other offense being committed in his presence. Dinmark v. Farrier,510 So.2d 819, 821 (Ala. 1987); see also Ala. Code 1975, § 15-10-3 (giving a peace officer the ability to arrest without a warrant when "a public offense has been committed or a breach of the peacethreatened in the presence of the officer." (Emphasis added.)). At the time the officer witnesses an offense, he is no longer serving as a security guard; he is a police officer acting within the scope of his duty. Dinmark, 510 So.2d at 821; seealso Robinson v. State, 361 So.2d 1113, 1114 (Ala. 1978). Although Whitely and the majority *Page 506 
attempt to distinguish Dinmark because that case was an appeal from a judgment entered on a jury verdict, the holding of the supreme court in Dinmark is one of law. Dinmark, 510 So.2d at 821. The supreme court affirmed the trial court's determination
that the arresting officer was acting as a police officer and not as a security guard at the time of the arrest. Id.
("Dinmark's final argument is that the trial court erred when it ruled that Farrier was acting in his capacity as a police officer when arresting Dinmark." (Emphasis added.))
Dison witnessed a disturbance in front of Food Giant on February 1, 1995. He saw and heard a woman curse Whitely and saw Whitely turn toward the woman. At that point, Dison interceded and placed Whitely under arrest. Because the facts of this case are undisputed, the interpretation of the term "threatened breach of the peace" is a question of law. SeeState v. Hill, 690 So.2d 1201 (Ala. 1996)("The trial judge's ruling in this case was based upon his interpretation of the term 'reasonable suspicion' as applied to an undisputed set of facts; the proper interpretation is a question of law."). Therefore, the trial court could determine under the undisputed set of facts before it that the actions witnessed by Dison amounted to a threatened breach of the peace and that at the time he placed Whitely under arrest, he was acting not a security guard for Food Giant, but as a Bessemer police officer.
Because Dison was not acting as an employee of Food Giant when he arrested Whitely, Food Giant cannot be held liable for Dison's actions. Therefore, Whitely's complaint failed to state a claim under which relief could be granted and was properly dismissed pursuant to Rule 12(b)(6). I would affirm the trial court's dismissal of Whitely's complaint.
THOMPSON, J., concurs.