SEE, Justice.
This appeal concerns whether State Farm Mutual Automobile Insurance Company (“State Farm”) is liable, under certain insurance policies issued to Dr. Catherine Murray, for the alleged negligence or wantonness of Dr. Murray’s nanny with regard to an automobile accident. In a separate action, Virginia Hulbert had sued Dr. Murray under the doctrine of respondeat superior for damages, based on injuries Hulbert sustained in the automobile accident that she alleges was caused by the nanny. State Farm filed this declaratory judgment action to determine its liability under the policies it had issued to Dr. Murray. The trial court entered a summary judgment for State Farm, holding that Dr. Murray was not liable under the doctrine of respondeat superior and, thus, that State Farm was not liable under its policies. Because we conclude that Hulbert created a genuine issue of material fact as to whether Dr. Murray’s nanny was acting within the scope of her employment at the time of the automobile accident, we reverse and remand.
I.
In June 1994, Virginia and her husband Ronnie Hulbert were involved in an accident in Mobile County when their automobile collided with another automobile driven by Dr. Murray’s nanny. The nanny’s regular duties of employment included housekeeping, supervising the children, and taking the children places that they needed to go. At the time of the collision, the nanny was driving her *23 own car and was following Dr. Murray and her family to Florida from Louisiana to accompany Dr. Murray’s family on their vacation. One of Dr. Murray’s daughters was in the automobile driven by the nanny.
Virginia Hulbert sued Dr. Murray under the doctrine of respondeat superior, alleging that the nanny was acting within the scope of her employment when the automobile accident occurred. Under the terms of her policy with State Farm, Dr. Murray called on State Farm to provide her with a legal defense and to pay any damages Hulbert might recover against her. State Farm sued for a judgment declaring that it could not be held liable for the nanny’s conduct. After some discovery, State Farm moved for a summary judgment. The trial court granted the motion, holding that Hulbert had failed to present substantial evidence indicating that the nanny was acting within the scope of her employment when traveling to Florida. Hul-bert appealed from that summary judgment.
II.
A summary judgment is proper only if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Tripp v. Humana, Inc., 474 So.2d 88, 90 (Ala.1985). After the moving party makes a prima facie showing that summary judgment is proper, the nonmovant, to avoid a summary judgment, generally must present substantial evidence creating a genuine issue of material fact. Ala.Code 1975, § 12 — 21—12(a); Bean v. Craig, 557 So.2d 1249, 1252 (Ala.1990). “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co., 547 So.2d 870-71 (Ala.1989). See Ala.Code 1975, § 12-21-12(d).
To recover from a tortfeasor’s employer on the theory of respondeat superior, the plaintiff must show by substantial evidence that the employee’s act was within the scope of the employee’s employment. Jessup v. Shaddix, 275 Ala. 281, 283, 154 So.2d 39, 41 (1963) (citing Red’s Elec. Co. v. Beasley, 272 Ala. 200, 129 So.2d 676 (1961)). An act is within an employee’s scope of employment if the act is done as part of the duties the employee was hired to perform or if the act confers a benefit on his employer. See Jessup, 275 Ala. at 284, 154 So.2d at 41. In Solmica of the Gulf Coast, Inc. v. Braggs, 285 Ala. 396, 401, 232 So.2d 638, 642 (1970), this Court stated: “ ‘The rule ... for determining whether certain conduct of an employee is within the line and scope of his employment is substantially that if an employee is engaged to perform a certain service, whatever he does to that end, or in furtherance of the employment, is deemed by law to be an act done within the scope of the employment.’ ” (Quoting Nelson v. Johnson, 264 Ala. 422, 427, 88 So.2d 358, 361 (1956)). This Court further stated in Braggs, 285 Ala. at 401, 232 So.2d at 643, that “[t]he conduct of the employee, to come within the rule, must not be impelled by motives that are wholly personal, or to gratify his own feelings or resentment, but should be in promotion of the business of his employment.”
In Jessup, 275 Ala. at 283, 154 So.2d at 40, an employee of a business operating a gasoline station undertook to work on his own personal truck during regular business hours because business was slow. While working on his truck, he propped the hood up and drove the truck from the front of the station to the back. Id. at 283, 154 So.2d at 40. While driving the truck, the employee hit and injured the plaintiff. Id. The plaintiff sued the owner of the gasoline station, under the doctrine of respondeat superior. Id. This Court held that the employee was not acting within the scope of his employment, because he had not been hired to do mechanical work and because the employer derived no benefit from the repair of the truck. Id. at 285, 154 So.2d 39, 275 Ala. 281, 154 So.2d at 42. The employee’s conduct was impelled by motives that were personal.
In contrast, in Solmica of Gulf Coast, Inc. v. Braggs, 285 Ala. 396, 232 So.2d 638, this Court held that the evidence would support a finding that the employee was acting within the scope of his employment when the employee, driving his own truck, struck and killed the decedent. The accident occurred after regular business hours and after the *24 employee had finished his job assignment for the day. Id., 285 Ala. at 399, 232 So.2d at 640. After leaving work, the employee made a few stops and started to drink alcohol. Id. After the accident, when asked where he had been going, the employee stated that he was “probably going to his office.” Id. at 399, 232 So.2d at 641. The evidence showed that it was customary for employees to go to the office after normal working hours to pick up materials needed for the next day’s assignment. Id. This Court held that there was an issue of fact as to whether at the time of the accident the employee was acting within the scope of his employment, because the act of picking up the materials, without which a job assignment could not be performed, conferred a benefit on his employer. Braggs, 285 Ala. at 402, 232 So.2d at 643. Thus, a jury could have found that the employee’s conduct was not impelled by motives that were personal.
Dr. Murray and her nanny assert that the nanny was not acting within the scope of her employment. Specifically, they assert that, because the nanny was on vacation, her motives were personal and not for the purpose of conferring a benefit on her employer, Dr. Murray. However, whether an alleged wrong is committed by the employee during his regular working hours is not dispositive of the question whether the employee was acting within the scope of his employment. Compare, Jessup, 275 Ala. at 285, 154 So.2d at 42 (holding that injurious conduct that occurred during normal working hours was not within the scope of the employee’s employment because when he committed the conduct the employee was en-' gaged in an act for which he was not hired and that did not confer a benefit on the employer), with Braggs, 285 Ala. at 402, 232 So.2d at 643 (holding that the evidence created an issue of fact as to whether injurious conduct that occurred after normal working hours was within the scope of the employee’s employment because the conduct conferred a benefit on the employer). Instead, the dis-positive question is whether the employee was engaged in an act that he was hired to perform or in conduct that conferred a benefit on his employer.
Dr. Murray and the nanny assert that the nanny had been on vacation and that while on vacation she was not to perform any of the duties she had been hired to perform. Hulbert responded with four pieces of evidence. First, Hulbert proffered an affidavit from her husband in which he stated that shortly after the accident both Dr. Murray and the nanny had stated that the nanny was going to the beach with the Murray family to help Dr. Murray take care of the children — a duty the nanny was hired to perform. Second, it is undisputed that one of Dr. Murray’s daughters was a passenger in the car with the nanny at the time of the accident. Third, it is undisputed that the nanny was to receive her regular salary for the week spent at the beach. Fourth, although the nanny was driving her own car, Dr. Murray was to pay for the lodgings, which the nanny was to share at the beach. While Dr. Murray asserts that her daughter rode with the nanny for personal reasons and that the pay received by the nanny was vacation pay, these contentions merely underscore that there is a genuine issue of material fact as to whether at the time of the accident the nanny was acting for personal motives or for employment motives. See Braggs, 285 Ala. at 402, 232 So.2d at 643.
Because the evidence presents a genuine issue of material fact as to whether at the time of the accident the nanny was acting within the scope of her employment, the summary judgment was improper. Rule 56, Ala. R. Civ. P. Accordingly, we reverse the judgment for State Farm and remand for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, COOK, and LYONS, JJ., concur.
KENNEDY, J., concurs in the result.