## HACKINS v. STATE. (1 Div. 323.)

(Supreme Court of Alabama. Jan. 22, 1925. Rehearing Denied April 16, 1925.)

**1. Criminal law ⟺670—Exclusion of evidence not erroneous, where relevancy not apparent and not pointed out.**

Where state witness' testimony tended to identify defendant as one of three negroes by whom he was beaten and robbed, while employed as detective assisting in breaking longshoremen's strike, cross-question whether employers after robbery did not have detectives make general roundup *held* not admissible to show bias of witness by connecting him with policy of harassing strikers, as strike-breaking policy, where there was no evidence that defendant was striker and no notice that roundup was directed against strikers; rule being that exclusion of evidence is not erroneous, where relevancy is not pointed out or apparent from question or previous evidence.

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 88 So. 651.          [2] Ante, p. 512.

**2. Witnesses** �⟋372(1)—**Court has reasonable discretion in limiting attempt by cross-examination to develop bias.**

While rather wide latitude is allowed on cross-examination to develop witness' bias, extent of connection with case, motive, and leaning against particular defendant, court has reasonable discretion in confining examination to prevent diversion to outside issues.

**3. Robbery** ⊝23(1)—**Exclusion of evidence of detention and examination of others on same charge improper, where identity in issue.**

In trial for robbery, where state's witness' testimony tended to identify defendant, where defense was alibi and question of identity vital issue, exclusion of evidence that 10 other prisoners were detained on same charge and questioned in presence of state's witness *held* erroneous, in view of its bearing on weight of identification, especially since defendant and others were striking longshoremen, and state's witness and examiners were interested in strike breaking.

Appeal from Circuit Court, Mobile County; N. D. Denson, Judge.

Tommie Hackins, alias Bud Robbins, was convicted of robbery, and he appeals. Reversed and remanded.

Outlaw & Kilborn, of Mobile, for appellant.

Any fact tending to shed light on the bias or partiality of a witness may be brought out on cross-examination. Williams v. State, 18 Ala. App. 573, 93 So. 284; Davidson v. State, 19 Ala. App. 77, 95 So. 54; Fincher v. State, 58 Ala. 215; A. G. S. v. Burgess, 114 Ala. 587, 22 So. 169; Yarbrough v. State, 71 Ala. 376; Rivers v. State, 97 Ala. 72, 12 So. 434. Evidence tending to shed light on the identification of defendant was competent. Ewing v. State, 18 Ala. App. 166, 90 So. 136.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The relevancy of evidence not being shown, it is not error to deny it. 4 Michie's Ala. Dig. 294.

BOULDIN, J. [1] The defendant, Tommie Hackins, was convicted of robbery. The evidence of the state witness Patrick J. Delahunty tended to show: There was a longshoremen's strike on in the city of Mobile. Witness was employed by Mr. Walsh, a stevedore, and acting as guard or watch over the house of a strike breaker, working for Mr. Walsh. Here, at about 1:15 o'clock a. m., he was suddenly set upon by three negroes, theretofore unknown to him, held up, beaten, and robbed of a pistol and $15 in money. His testimony tended to identify the defendant as one of his assailants. On cross-examination, witness testified that he was working for money, trying to help break the strike; that defendant was masked or partially masked by a red handkerchief over his face; that he caught witness from behind, while one of the others held a pistol in his face and the third went through his pockets; that on the next day witness had some fifteen or sixteen men arrested, charged with this offense. Witness was then asked:

"Now, didn't Mr. Walsh and the Marine Employers have a lot of other detectives working for them and they went out and made a general round-up?"

The court sustained the state's objection to this question, and this ruling is presented for review. The theory of appellant is that this testimony tends to show a conspiracy to harry striking longshoremen by criminal charges and arrests as a strike-breaking policy; that the witness, as the employee of Walsh, was so connected with this policy as to make the evidence relevant to prove bias on the part of the witness.

It will be noted that the question gives no notice that the round-up was directed against strikers. At that stage of the trial, there was no evidence that this defendant was a striker. In fact, such testimony had been offered by the state and refused on objection of defendant. The state, in explanation of its offer of the evidence, had suggested that the state witness was guarding a strike breaker's house, and the defendant and companions on strike discovered him there, beat him up, and took his pistol from him. In this state of the case, the court could assume that defendant disclaimed any connection between the strike and this prosecution.

[2] When the relevancy of testimony does not appear from the question, nor from evidence theretofore presented, the court will not be put in error unless its pertinence is pointed out to the court. Rather wide latitude is allowed on cross-examination to develop any interest in the cause which may bias the witness, and this goes to his connection with the case, the extent of it, the motive behind it, and any influences that may give him a leaning against the particular defendant. A reasonable discretion must rest in the trial judge to so confine the examination as not to divert the trial to outside issues.

The defense relied upon was an alibi. George A. Sossaman was introduced by the state in rebuttal. His evidence tended to show that on the second day after the robbery he went to the police station as attorney for the Marine Employers' Association, where defendant was confined in prison; that Delahunty, the state witness, Walsh, his employer, and a Mr. Pennington, a detective, were present; that witness then examined this defendant, took down his statement, read it over to him, and it was signed by mark. It further appeared that during this examination Mr. Sossaman asked defendant a question, and he answered it, and thereupon Mr. Pennington asked him, "Why didn't you tell me that before?" that defendant an-

.swered, "If you had not struck at me, I would have told you."

The statement in writing was not in evidence.

[3] The record then recites:

"Q. Do you know whether or not Mr. Delahant [Delahunty] had a number of other men arrested there, charged with the same offense? A. I examined about ten other witnesses that morning.

"The court then said: You were not asked about that? A. Yes; these other witnesses were all prisoners.

"Counsel for the defendant then propounded to witness the following question: Q. And charged with the same offense?

"Solicitor for the state objected to the question on the ground that it called for incompetent, irrelevant, and immaterial testimony. The court sustained the objection, and to this ruling of the court the defendant then and there duly reserved an exception."

If these other ten prisoners were being detained upon the same charge, and being examined along with the defendant touching connection with this robbery, Mr. Delahunty being present, it may afford some grounds of inference to the jury that he had not fully identified his assailants at that time. The question of identity was a vital issue in the case. While the, jury had the evidence of numerous arrests, the further evidence of detention and examination of numerous persons in connection with the charge were circumstances proper for the jury to consider. Again, it had been developed in the trial that this defendant was on strike at the time.

Whether the activity of the gentlemen associated with him and his employer in making examination of prisoners charged with the same offense influenced Delahunty in reaching his conclusion, as to identity, was a circumstance for the jury. Was the crime laid to defendant upon a real identification of his person at the time of the robbery, or was this aided by the atmosphere of this examination of defendant and other suspected prisoners? The jury were entitled to this evidence in the solution of such inquiry. Its refusal was error to reverse.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.