133 So.2d 210

Jessie Mae JACKSON

v.

STATE of Alabama.

7 Div. 562.

Supreme Court of Alabama.

Sept. 21, 1961.

Arthur Burns and Gary F. Burns, Gadsden, for petitioner.

MacDonald Gallion, Atty. Gen., and Robt. M. Hill, Jr., Asst. Atty. Gen., opposed.

LAWSON, Justice.

Jessie Mae Jackson was convicted in the Circuit Court of Etowah County of first degree manslaughter. She was given a sentence of five years. She appealed to the Court of Appeals, where the judgment of conviction was affirmed. She has filed in this court her petition for writ of certiorari to have us review and revise the opinion and judgment of the Court of Appeals.

The petition asserts error by the Court of Appeals in six respects. Grounds 1 and 6 are to the effect that the Court of Appeals erred in affirming the action of the trial court in sustaining the State's objections to certain questions propounded to witnesses by counsel for the defendant below, the petitioner here. Ground 2 is to the effect that the Court of Appeals erred in upholding the action of the trial court in overruling an objection interposed by the defendant in the trial court to an argument of the State Solicitor. Grounds 3, 4 and 5 assert that the Court of Appeals erred in not holding that the trial court erred in refusing certain written charges requested by the defendant in the trial court.

We will consider the alleged errors on the part of the Court of Appeals in the order in which they are treated in the petition for the writ.

■■ While wide latitude is allowed on cross-examination to develop a witness's bias, the trial court has reasonable discretion in confining examination to prevent diversion to outside issues. Hackins v. State, 212 Ala. 606, 103 So. 468. We cannot say that the trial court abused its discretion in sustaining the State's objection to the questions propounded the witness Cook on cross-examination concerning the alleged murder of his mother.

■ We agree with the Court of Appeals that the argument of the Solicitor with which the petitioner finds fault was a permissible inference from the evidence as set out in the opinion of the Court of Appeals. Beaird v. State, 219 Ala. 46, 121 So. 38; Patty v. State, 242 Ala. 304, 6 So. 2d 399.

■ The petitioner's Charge 10, if not otherwise defective, is argumentative and therefore its refusal does not constitute reversible error. Tribble v. State, 145 Ala. 23, 40 So. 938; Montgomery v. State, 160 Ala. 7, 49 So. 902; Locklayer v. State, 209 Ala. 605, 96 So. 759.

■ To put the trial court in error for refusing a written charge, it must be free from involvement and misleading tendencies. Turner v. State, 160 Ala. 40, 49 So. 828.

■ Petitioner's written Charge 14 was in our opinion subject to the criticism directed against it in the opinion of the Court of Appeals. The words "and in connection" as used in that charge tend to indicate that the jury might be expected to consider all the evidence in connection with something else which is left undefined. In view of this defect we cannot say that the Court of Appeals erred in affirming the action of the trial court in refusing Charge 14.

A charge in the language of petitioner's Charge 22 was held good and its refusal reversible error in McAdory v. State, 62 Ala. 154.

We do not think the refusal of Charge 22 constitutes reversible error in this case.

In the court's oral charge and in the written charges given at the request of the petitioner, the jury was adequately charged to the effect that they should acquit the accused unless they were satisfied beyond a reasonable doubt and to a moral certainty of her guilt from all the evidence.

It is difficult to understand why the petitioner would complain because the jury was not instructed to the effect that her acquittal was dependent upon the jury accounting for her innocence upon a reasonable hypothesis from the evidence even though the State had failed to satisfy the jury beyond a reasonable doubt and to a moral certainty of her guilt from a con-

sideration of the evidence. Yet that is the effect of Charge 22, as we understand it.

■ We hold, as did the Court of Appeals, that Charge 22 was refused without error for the reason that the same rule of law was substantially and fairly given to the jury in the court's oral charge and in written Charges 11, 12, 13 and 17 given at the request of the defendant. § 273, Title 7, Code 1940. See Supreme Court Rule 45.

Reversible error is not made to appear in regard to the examination of the accused, the petitioner here, concerning a prior difficulty with the deceased. Ordinarily, the details of a prior difficulty are not admissible beyond the proof of the prior difficulty and its gravity. Johnson v. State, 265 Ala. 360, 91 So.2d 476; Bryant v. State, 252 Ala. 153, 39 So.2d 657. Yet the petitioner was permitted in this case to show certain details, according to the opinion of the Court of Appeals. We do not see how she can complain of the trial court's action in this regard.

The judgment of the Court of Appeals is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.