This case sets forth two issues for this Court's consideration. First, whether the trial court abused its discretion by limiting the nature of questions asked of an adverse witness and secondly, whether the trial court erred in sustaining certain objections made during plaintiff's closing argument.
This case arose out of an automobile accident in Florala, Alabama. Connie Watson, the plaintiff, during the early morning hours of December 8, 1979, collided with a flat-bed trailer owned by defendant Zorn Brothers, Inc. and under the supervision of defendant City of Florala. The question of liability centered upon whether the trailer had been illegally parked in such a manner as to cause the accident. The plaintiff called, over the defendant's objection, Sgt. A.V. Patrick of the Florala Police Department as an adverse witness. Sgt. Patrick was the senior officer investigating the accident. The trial court barred the plaintiff from asking Sgt. Patrick any questions regarding discussions that occurred between the plaintiff's attorney and Patrick prior to the trial. The plaintiff asserted such inquiry was proper to establish the witness's bias and prejudice.
The trial court also sustained certain objections made during the plaintiff's closing argument. An objection was sustained when the plaintiff's counsel attempted to discuss the pre-trial discussions with Sgt. Patrick and a second objection was sustained relating to the plaintiff's counsel's characterization of the police investigation of the accident as a "whitewash." The plaintiff asserts the trial court's rulings constituted reversible error.
Under ARCP 43 (b) a party is entitled to ask leading questions of a hostile or adverse witness similar to the scope of questioning allowed on cross-examination. The trial court is granted wide discretion in determining the propriety of questions asked by counsel. Code 1975, § 12-21-138. The appellant cites the case of Housing Authority v. Decatur LandCo., 258 Ala. 607, 64 So.2d 594 (1953), as authority supporting the premise that a witness may be examined to determine possible bias or prejudice. The appellant in her brief quotes from that case:
 "It is always competent on cross-examination to make such interrogation of a witness as would tend to test his interest, bias or prejudice or to illustrate or impeach the accuracy of his testimony. Both our appellate courts have approved the principle stated in 2 Wigmore on Evidence, 2d Ed. § 949, p. 232: `The Range of external circumstances from which probable bias may be inferred is infinite. Too much refinement in analyzing their probable effect is out of place.'" (Citations omitted.)
258 Ala. at 612, 64 So.2d 594. Appellant did not quote the following portion of that opinion, however, which sets out the general rule governing a trial court's discretion over cross-examination:
 "And for emphasis we repeat the oftstated rule that the latitude and extent of such cross-examination is a matter which of necessity rests largely within the sound judicial discretion, which will not be revised on appeal except in extreme cases of abuse. Such cross-examination may even pertain to irrelevant and immaterial matters as bearing on the memory, accuracy, credibility, interest or sincerity of the witness." (Emphasis added.)
Id. The general rule recognizes the liberal discretion granted to the trial court regarding the proper areas covered in cross-examination, Jackson v. State, 272 Ala. 566, 567,133 So.2d 210 (1961), and the same rule covers examination of an adverse witness.
In a situation analogous to the present case, the trial court, during a criminal proceeding, *Page 57 
properly limited the scope of the arresting officer's examination. The defendant called the arresting police officer as a witness and attempted "to show bias." This Court recognized the trial court's proper exercise of discretion to limit questions asked of the police officer. Bradford v. State,387 So.2d 906, 910 (Ala.Cr.App.), cert. denied 387 So.2d 913
(Ala. 1980). Accord, United States v. Stamps, 430 F.2d 33, 37
(5th Cir. 1970) (arresting officer called by defendant not an adverse witness subject to cross-examination). In the present case, Sgt. Patrick did investigate the accident, but did not arrest the plaintiff. While limiting questions about Sgt. Patrick's possible bias, the trial court did not abuse its discretion. Without a showing of such abuse there exists no reversible error.
The trial court is also granted wide discretion regarding what is properly stated during counsel's closing argument. Ottv. Fox, 362 So.2d 836, 840 (Ala. 1978); Robins Engineering,Inc. v. Cockrell, 354 So.2d 1, 4 (Ala. 1977). The plaintiff asserts that the trial court improperly sustained two objections during her counsel's closing argument. The first objection limited any statement about discussions Sgt. Patrick had with the plaintiff's counsel prior to the trial. This objection was sustained. The second objection was made when the actions of the investigating officers were referred to as a "whitewash." The trial court also sustained this objection and admonished the jury to ignore the characterization. While this Court recognizes that counsel is granted "great latitude" regarding the content of closing argument, R.C. Bottling Co. v.Sorrells, 290 Ala. 187, 190, 275 So.2d 131 (Ala. 1973), whether counsel stepped outside that latitude is to "be left largely to the enlightened judgment of the trial court with presumptions in favor of its ruling." Adams v. Queen Insurance Company ofAmerica, 264 Ala. 572, 580, 88 So.2d 331 (Ala. 1956).
The trial court properly exercised its discretion by sustaining the defendant's objections during the plaintiff's closing argument. The trial court had already ruled that Sgt. Patrick could not be examined about any pretrial discussions with the plaintiff's lawyer. Limiting plaintiff's argument on this point was consistent with the trial court's previous ruling which we have determined did not constitute error. Further, the trial court was in the best position to determine, under all the circumstances, whether the proffered argument was proper.
The plaintiff has failed to show an abuse of discretion by the trial court. The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.