WRIGHT, Presiding Judge.
This is a divorce case.
The parties were divorced on April 19, 1985, after seventeen years of marriage. No children were bom of this marriage. Both parties were thirty-nine years of age at the time of the divorce. The husband is an attorney who practices law in Birmingham, Alabama. His salary for 1984 was $34,000. The wife has a degree in sociology from Auburn University. She was unemployed at the time the divorce was granted. However, prior to 1983, she was employed for ten years as the supervisor of the adult day care program for the Housing Authority in the Birmingham district. She earned $16,000 a year at this job. The parties maintained separate finances during the marriage.
The parties had an unusual lifestyle and marriage. There were no children bom of this marriage because the parties agreed that having children would disrupt their lifestyle. Both parties admitted that they used marijuana or cocaine prior to 1979, and both invoked their fifth amendment privilege against self-incrimination as to the years subsequent to 1979. They sought marital counseling in 1973 and have periodically been involved in counseling since that time. The parties separated for a short time in 1979, after the husband admitted that he had been involved with three different women. They reconciled and the wife testified that she had forgiven the husband. As part of the reconciliation between the parties, an agreement was reached, which was reduced to writing, regarding a number of matters. The wife worked until 1983, when she took a six-month leave of absence from the Housing Authority due to lower back problems, and she never returned to work.
The husband filed suit for divorce in 1984, alleging incompatability and irretrievable breakdown of the marriage. The wife answered and counterclaimed for divorce on the same grounds. After extensive oral hearing the court rendered a final decree of divorce in April 1985. The court divided the assets accumulated during the marriage thusly: The wife received half ($6,275) of the cash value of certain life insurance policies; half of the net proceeds from the sale of the residence, after reimbursement to the husband for the mort *961 gage payments, taxes and insurance payments made during the pendency of the sale (house valued between $175,000 and $210,000); possession of the home pending the sale; a 1978 BMW; $1,300 from an IRA which was in her name; her personal checking account containing $31.95; cash in hand of $1,387.58; a Dean Witter account valued at $22,000; an account from City Federal containing $5,000; her interest in the net proceeds from the sale of commercial property in Memphis, Tennessee, which sold for $142,000; half of the proceeds from the sale of commercial property in Parkway East in Birmingham (valued between $165,000 and $185,000), and half of the checking account from this property, containing $4,000 to $5,000. The husband received half ($6,275) of the cash value of certain life insurance policies, one-half of the net proceeds from the sale of the residence, plus reimbursement for the mortgage payments, taxes and insurance payments made during the pendency of the sale (house valued between $175,000 and $210,000); a 1974 Porsche; stock in Texas International and Columbia Futures valued at $2,400; his half interest in Overlook Apartments (investment of $5,000); his interest in Diamond Head (investment of $10,000); his one-sixth interest in his office building and his interest in the law practice; his personal checking account containing between $1,400 and $1,500; a Dean Witter account valued at $8,500; $4,200 from IRA’s in his name; half of the net proceeds from sale of the Parkway East property (valued between $165,000 and $185,000) and half of the checking account from this property (valued between $4,000 and $5,000). The court further ordered the husband to pay $4,500 in attorney fees to the wife’s attorney. The court also reserved the right to award periodic alimony to the wife. The wife filed a motion for a new trial, or, in the alternative, a motion to alter, amend or vacate the decree, which was denied. The wife appeals from that judgment.
There are four issues asserted on appeal. The first and second issues presented are whether the trial court erred when it failed to award periodic alimony to the wife and whether the trial court failed to make an equitable division of the property acquired during the marriage.
The award and amount of periodic alimony and the division of property are matters within the sound discretion of the trial court. Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App.1982). The exercise of this discretion will not be disturbed on appeal unless plainly and palpably wrong. Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App.1979). There are no fixed standards to use in determining periodic alimony and the division of property. Nolen v. Nolen, 398 So.2d 712 (Ala.Civ.App.1981). The division of property must be equitable, not equal, and graduated according to the facts and circumstances of each case. Weatherly v. Weatherly, 469 So.2d 653 (Ala.Civ.App.1985).
The trial court did not err when it refused to award periodic alimony to the wife. There was no evidence presented to the court that the wife needed periodic alimony. The court awarded the wife the proceeds from the sale of land in Memphis. She was to receive $1,387.50 per month for ten years from this property. The court reserved the right to award periodic alimony to the wife if she should establish a need for it. However, the wife has a college education and has worked the majority of her married life.
In spite of heated protestations of counsel for the wife, we find no palpable error in the court’s division of the marital property. The record reveals that the wife received over one-half of the assets acquired during the marriage. Though the wife’s family gave the parties $20,000 as a down payment on the house, the husband has made most of the mortgage payments thereon. The court gave each party one-half of the proceeds from the sale of the house, after reimbursement to the husband for mortgage payments, taxes and insurance made during the pendency of the sale. The court also gave each party one-half of the proceeds from the sale of the Parkway East property. The wife’s name was the *962 only name on the original deed of the property, which was purchased from the wife’s grandfather; however, both the husband and wife signed the purchase money mortgage and note on the property. The testimony reveals that the husband managed the property and made it more profitable for them. As part of the reconciliation agreement of 1979, the wife agreed to give the husband a one-half interest in the Parkway East property. A deed was later prepared conveying joint title to this property. We cannot say that the court did not equitably divide the marital property.
The third issue presented is whether the trial court impermissibly restricted cross-examination. The wife claims that the trial court deprived her of the right to a thorough cross-examination.
It is well settled law in this state that the scope and extent of cross-examination is a matter resting largely in the discretion of the trial court, and the exercise of that discretion will not be reversed on appeal, except for gross abuse. Watson v. City of Florala, 420 So.2d 55 (Ala.1982); Nolen v. Nolen, supra. The record reveals that the trial court afforded counsel a thorough and lengthy cross-examination of the husband. The court would not require disclosure from the husband of the identity of a third party, allegedly his client, who was uninvolved in this case. Such person was not shown to have any relation to the issues in the case. We find no abuse of discretion.
The final issue for our consideration is whether the trial court erred when it denied the motion for a new trial on the grounds of newly discovered evidence. The wife asserts that shortly after the trial, materials were anonymously sent to the trial judge and that these materials were newly discovered, material, and should have been the basis for a new trial.
The decision of whether to grant or deny a motion for a new trial rests within the sound discretion of the trial court. The exercise of such discretion will not be disturbed on appeal unless shown to be arbitrary, unjust, or plainly and palpably wrong. Hill v. Cherry, 379 So.2d 590 (Ala.1980). When a motion for a new trial is based on newly discovered evidence, the motion will be granted only where the moving party has shown due diligence, the materiality of the evidence, that the evidence is newly discovered, is not merely cumulative or impeaching, and may change the result of the trial. Eastwood Lands, Inc. v. Walter Carlos Anderton, Inc., 412 So.2d 247 (Ala.1982).
The record reveals that one of the documents contained in the package was already in the wife’s possession and was used at trial. The wife never served the husband with a request for production of these documents. The materials tended to show the husband’s feeling regarding another woman, which the husband had already testified about at trial. Therefore, the trial court could have found that due diligence was not used to obtain these documents and that the documents were cumulative and not material.
The judgment of the trial court is due to be affirmed.
The wife requested an award of attorney fees for this appeal. The request of the wife is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.