Golliday Miller was convicted of first degree burglary and was sentenced to life imprisonment as a habitual felony offender. On this appeal from that conviction, Miller contends that he was denied the effective assistance of counsel because of trial counsel's representation in connection with the defense of insanity.
This matter was not raised at trial and is presented for the first time on appeal. However, in our determination, justice requires this cause be remanded to the trial court with instructions that an evidentiary hearing be held on the issue of trial counsel's effectiveness under the test ofStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). Thompson v. State, 525 So.2d 820, 830-31
(Ala. 1985).
Miller should be present at this hearing and represented by counsel. A transcript of the hearing shall be made and forwarded to this Court at the conclusion of the hearing. The trial judge shall make specific and detailed findings of fact and conclusions of law. If the trial judge determines that trial counsel was ineffective, he shall grant Miller a new trial or whatever relief is appropriate.
REMANDED WITH DIRECTIONS.
All Judges concur.
 *Page 249