Appellant, Tom Beavers, was convicted by a jury for the unlawful distribution of a controlled substance, in violation of § 13A-12-211, Code of Alabama 1975, and, as a result, was sentenced to 20 years' imprisonment and fined $10,000. He appeals, raising five issues.
The state's evidence disclosed that, on August 17, 1988, an Alabama Alcohol Beverage Control Board agent, Robert Chambers, working as an undercover narcotics officer, and Michael Stoner, an informer, purchased a quantity of cocaine from appellant at his home. Stoner arranged the purchase, and appellant gave the cocaine to Chambers in exchange for $70. Stoner had known appellant for 20 years and made a positive in-court identification of him as the seller of the cocaine. Chambers, who had first observed appellant for a short while the day before the purchase, also positively identified him in court as the seller. *Page 689 
Appellant testified in his own behalf, denying any knowledge of the sale of any cocaine.
 I.
Appellant's first and principal contention in this appeal is that the trial court committed reversible error by refusing to allow him to cross-examine state's witnesses Chambers and Stoner about a "misidentification" of Felton Wallace, who had been acquitted in a prosecution for a similar narcotics violation about a month prior to the instant trial. The prosecution of appellant, as well as of Wallace, arose out of an undercover operation in which Chambers and Stoner participated and which resulted in over 100 arrests and prosecutions. The record reflects that Chambers and Stoner were the principal prosecution witnesses in the Wallace case and had allegedly purchased narcotics from Wallace. At the Wallace trial, Chambers and Stoner disagreed as to the identity of the person from whom they had purchased the drugs. Chambers identified Wallace as the person from whom the purchase was made, but Stoner testified that it was not Wallace but someone else. Appellant argues that he should have been allowed to cross-examine Chambers and Stoner about their disagreement over the identification of Wallace to test their "credibility, knowledge, and accuracy." Of course, the purpose of this line of questioning was to cast doubt upon Chambers and Stoner's identification of appellant. The attorneys for the parties stated the issue to the trial court, as follows:
 "MR. BAXLEY [defense counsel, addressing the trial court outside the presence of the jury]: This witness positively identified a fellow by the name of Felton Wallace. This same witness right here, Chambers. It was tried before Judge Sullivan back on the 31st day of January of '89 here in this very building. He pointed to him just like he pointed to Beavers and twice unequivocally said that's absolutely him. That's the one I bought from. As it turned out, the defense had records to show that . . . Felton Wallace was working . . . here in one of the mills . . . on that date. Later they brought in the informant, the same one that was with him this time and he said, no that Felton Wallace is not the one that we bought it from. We think that . . . since this is part of the same transaction, same little sweep, it is admissible to test his identification and his credibility. . . .
 "MR. RUMSEY [prosecuting attorney]: ". . . That still does not say that Chambers is wrong. They just said that the jury didn't believe him. That does not mean he is wrong. [I]f he is entitled to go into that . . . I submit to you we are entitled to go into the hundred and something that says he is, that have pled guilty, that have been found guilty, including his son. If he can go into one, we can go into every one of them, a hundred and something."
"It is always competent on cross-examination to make such interrogation of a witness as would tend to test his interest, bias or prejudice or to illustrate or impeach the accuracy of his testimony." Housing Authority of City of Decatur v. DecaturLand Co., 258 Ala. 607, 612, 64 So.2d 594, 598 (1953). It is a well-established rule in this state that the latitude and extent of cross-examination are matters which of necessity rest largely within the sound discretion of the trial court, and rulings with respect thereto will not be revised on appeal except in extreme cases of abuse. State v. Howington, 268 Ala. 574, 109 So.2d 676 (1959); Housing Authority of City of Decaturv. Decatur Land Co.; Holland v. State, 424 So.2d 1387
(Ala.Cr.App. 1982), cert. denied, 424 So.2d 1387 (Ala. 1983). It has been held that the cross-examination of a witness may even pertain to irrelevant and immaterial matters as bearing on the memory, accuracy, credibility, interest, or sincerity of the witness. State v. Howington; Nelson v. Johnson, 264 Ala. 422, 88 So.2d 358 (1956); Housing Authority of City of Decaturv. Decatur Land Co.; C. Gamble, McElroy's Alabama Evidence
§ 136.01 (3d ed. 1977). The extent of cross-examination on irrelevant facts, for the purpose of testing bias or credibility of the witness's testimony, is a matter resting largely in the discretion of *Page 690 
the trial court, and its ruling will not be disturbed unless it appears that it has abused its discretion to the prejudice of the complaining party. Nelson v. Johnson, 264 Ala. at 427,88 So.2d at 362; Cephus v. State, 539 So.2d 400 (Ala.Cr.App. 1988), cert. denied, 539 So.2d 400 (Ala. 1989). In Collins v.State, 364 So.2d 368, 371 (Ala.Cr.App.), cert. denied,364 So.2d 374 (Ala. 1978), we stated the following:
 "The scope of cross-examination in a criminal proceeding is within the discretion of the trial judge and it is not reviewable except for the trial judge's prejudicial abuse of discretion. Jackson v. State, Ala. Cr. App., 353 So.2d 40, cert. denied, 353 So.2d 48 (1977). McFerrin v. State, Ala. Cr. App., 339 So.2d 127 (1976). The right to a thorough and sifting cross-examination of a witness does not extend to matters that are collateral or immaterial and the trial judge is within his discretion in limiting questions which are of that nature. McLaren v. State, Ala. Cr. App. 353 So.2d 24, cert. denied, 353 So.2d 35 (1977); McDonald v. State, Ala. Cr. App., 340 So.2d 103 (1976)".
See also Burton v. State, 487 So.2d 951 (Ala.Cr.App. 1984). While rather wide latitude is allowed on cross-examination, the court has reasonable discretion in confining the examination to prevent diversion to outside issues. Jackson v. State, 272 Ala. 566, 133 So.2d 210 (1961); Fuller v. State, 269 Ala. 312,113 So.2d 153 (1959); Hackins v. State, 212 Ala. 606, 103 So. 468
(1925); McLaren v. State, 353 So.2d 24 (Ala.Cr.App.), cert. denied, 353 So.2d 35 (Ala. 1977).
In the instant case, the testimony which appellant sought to elicit from Chambers and Stoner on cross-examination was collateral and immaterial to the issues. However, as we have pointed out, the decision of whether to allow such cross-examination rests in the discretion of the trial court, and its ruling will not be reversed on appeal unless it appears that there has been an extreme case of abuse of that discretion or an abuse that was prejudicial to the complaining party. We have examined the record in the instant case and find that the trial court was well within its discretion in refusing to allow appellant to cross-examine Chambers and Stoner as to their conflict in identifying a defendant in a previous unrelated narcotics case. It is important to point out here that the trial court was informed that the two witnesses, in over 100 previous cases, had made identifications that had apparently been found, by a jury, to be credible.
The record reveals a thorough cross-examination of both Chambers and Stoner by defense counsel. Stoner's past criminal record and his addiction to drugs were brought out for the jury's consideration. Although Chambers had observed appellant only on two occasions and only for short periods of time, Stoner had known appellant for over 20 years. The evidence presented by the state identifying appellant as the seller of the cocaine was strong and stood up under extensive cross-examination. We cannot say that the trial court abused its discretion in sustaining the state's objection to the questions asked on cross-examination. Thus, we find no error in the court's ruling.
Appellant raises four other issues on appeal. He contends that reversible error occurred when the trial court denied his motion for a change of venue due to pre-trial publicity; that the prosecution exercised its peremptory strikes in a racially discriminatory manner by striking blacks from the jury venire, in violation of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); that an officer named Mike "Bubbles" Martin had been arrested for selling drugs and tampering with evidence and that the prosecutor had failed to disclose this to appellant prior to trial; and that the trial court erred in refusing to call Martin to testify as a court witness. We have carefully considered each of these contentions, and we find them to be without merit.
For the above reasons, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 691