TAYLOR, Judge.
The appellant, Reuwell Clay Mallett, was convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975, and was sentenced to a term of life imprisonment. The evidence presented at trial tended to show the following: Around 12:30 a.m. on July 5, 1990, the appellant and Charles “Bim” McConnell (the victim) had an altercation in the parking lot of a Circle K convenience store in Bayou La Batre, Alabama. Immediately after the altercation, the appellant met Officer Joyner, of the Bayou La Batre Police Department, across the street from the Circle K store. The appellant asked the officer to arrest the victim immediately. The officer explained the procedure for swearing out a warrant and explained that, because of this procedure, he could not arrest the victim immediately. The appellant was dissatisfied and told Officer Joyner that he had something at home that would “take care” of the victim and that the police could then arrest the appellant for murder. Officer Joyner did talk with the victim and with Dalton Stiener, who were still at the Circle K store, and he explained that the appellant was upset. Mr. Stiener and the victim then left the Circle K store and proceeded to the Jr. Food Store to fill the gasoline tank of Mr. Stiener’s vehicle. After paying for the gasoline, Mr. Stiener returned to his vehicle and found the victim slumped over in the passenger seat, unconscious and bleeding profusely. The police were called and Officer Joyner arrived on the scene at approximately 12:50 a.m. on July 5, 1990, and found that the victim had been shot once between the eyes. The victim died six days later as a result of the injuries he sustained. After the victim’s death, the appellant was charged with murder. The appellant presents two issues on appeal.
I
The appellant first contends that the trial court erred in overruling his objection to certain questions asked by the prosecutor *1299 during cross-examination of the appellant’s mother. During this cross-examination, the following exchange took place:
“[PROSECUTOR]: Mrs. Armstrong, did R.C. tell you about threatening to blow Bim McConnell’s head off earlier that night?
“[WITNESS]: No, sir.
“[PROSECUTOR]: Did he tell you about talking to Officer Joyner, wanting Officer Joyner to arrest Bim McConnell?
“[WITNESS]: He said he had talked to the police officer.
“[PROSECUTOR]: Okay. But he didn’t tell you about throwing the screw driver or threatening to blow his head off?
“[WITNESS]: No, sir.
“[DEFENSE COUNSEL]: Judge, I am going to object. Threatening to blow his head off, that’s not the evidence and move to strike that.
“[PROSECUTOR]: I thought a witness testified to that.
“THE COURT: Well, in any event, it’s cross-examination. Overrule the objection.
“[PROSECUTOR]: I have nothing else, Judge.
“[DEFENSE COUNSEL]: That’s all, Your Honor.” (R. 215.)
Alabama courts have traditionally allowed wide latitude on cross-examination. Beavers v. State, 565 So.2d 688 (Ala.Cr. App.1990). Furthermore, the scope of cross-examination in a criminal proceeding is within the discretion of the trial judge, and it will not be reviewed absent a prejudicial abuse of discretion. Jackson v. State, 353 So.2d 40 (Ala.Cr.App.), cert. denied, 353 So.2d 48 (Ala.1977); Beavers, supra.
In the present case, several witnesses had already testified that the appellant made statements to the effect that he intended to kill the victim. If the prosecutor had simply asked the witness whether the appellant had told her that he shot the victim in the head, this question would be allowable under the evidence presented because it was cumulative. C. Gamble, McElroy’s Alabama Evidence § 10.07 (4th ed. 1991). The fact that the prosecutor used the colloquialism “blow his head off” to summarize the threatening statements made by the appellant[1] does not affect the admissibility of the question. The appellant has failed to demonstrate that he has suffered any prejudice as a result of the question. Rule 45, A.R.App.P. Therefore, the trial court correctly overruled the appellant’s objection.
II
The appellant next argues that the trial court held an “ex parte conference” with one of the jurors about her previous association with law enforcement and that his trial counsel failed to raise any objection when notified of it. He claims, therefore, that the failure of his trial counsel to object to this “ex parte conference” constituted ineffective assistance of counsel and thereby denied him a fair trial. To demonstrate ineffective assistance of counsel, the appellant must show that counsel’s performance was deficient and that the appellant was prejudiced by this deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). At trial, the following exchange took place:
“THE COURT: Now we will go on the record. I just want to make a record on what Ms. M. said to me. She went back in my office and said, ‘Judge, I wanted to bring something to your attention.-’ She said, ‘For several years I worked in the crime lab in Chicago and I understand bullets and markings on bullets and that sort of thing. And that will figure into my deliberations on the case.’ And my response to her was, that she had been entirely truthful with regard to every question asked of her on voir dire and that her background, which she has in no wise concealed, is no disqualification to serve as a juror in this case. And so I told her that we would proceed with the case with her serving as a juror. Does *1300 either side have anything to put on the record about that? .
“[PROSECUTOR]: Nothing from the state, Judge.
“THE COURT: That’s Ms. L.M.
“[DEFENSE COUNSEL]: No problem at all.”
The appellant agrees with the State’s position that this issue was not first presented to the trial court and, therefore, would not ordinarily be preserved for our review. Kelley v. State, 568 So.2d 405 (Ala.Cr.App.1990); Dossey v. State, 489 So.2d 662 (Ala.Cr.App.1986). However, he proposes that in instances where ineffective assistance of counsel is raised for the first time on direct appeal, this court is authorized, when “justice requires,” to remand the case to the trial court for an evidentiary hearing to determine the efficacy of trial counsel. See Thompson v. State, 525 So.2d 820, 831 (Ala.1985); Miller v. State, 568 So.2d 1253, 1254 (Ala.Cr.App.1990).
We agree that this court has such authority and has exercised it in remanding cases to the trial court for evidentiary hearings on the issue of effectiveness of counsel. Miller, supra; Delevie v. State, 454 So.2d 1044 (Ala.Cr.App.1984). However, in cases such as the one presently before us, where no additional factual development is necessary to determine whether trial counsel was effective, justice does not require a full evidentiary hearing on the issue. Therefore, the appellant’s cause does not fall within the exception to the preservation requirement and because this issue was not preserved for our review and does not meet the exception, we will not review it.
For the reasons stated above, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.

. In fact, the appellant in his brief misquoted the prosecutor and substituted yet another colloquialism, ‘blow his brains out,” in his argument addressing this point.