Immediately after the plaintiff rested his case, his counsel conducted the following examination of the defendant's medical expert outside the presence of the jury:
 "Q. You have been a defendant in a medical malpractice case?
"A. Yes, sir.
 "Q. That malpractice case was concluded earlier this year?
"A. Yes, it was.
"Q. Your lawyer was Mr. Florie?
"A. No, sir.
"Q. Was [it] Mr. Florie's firm? I apologize.
"A. Yes, sir.
". . . .
 "Q. The next question is, that lawsuit was settled?
"A. Yes, sir.
". . . .
 "Q. Did that, did your experience with the other, as a defendant in a medical malpractice case make you lean more towards a defendant in a medical malpractice case, a doctor in a medical malpractice case?
 "A. I'll say this, it wasn't a pleasant experience. I put it past me. I'm practicing medicine now and I'm practicing good objective medicine. And I felt when I was sent the records to have them reviewed that I could be objective in my analysis of the records. And not have any particular bias on one side or the other.
". . . .
 "Q. Did your experience in a medical malpractice case as a defendant . . . result in your having feelings prejudicial to a plaintiff in a medical malpractice case?
 "A. I think there are feelings both ways because there are people who are suffering on both sides of it. And *Page 865 
there's a lot of feeling that goes out. And it's only with time that one's able to isolate that feeling away from your objective analysis of things. If you would have asked me that question the day of that trial there were feelings all around but I think I've distanced myself from it and from the feelings.
 "Q. As a result of your experience as a defendant in a medical malpractice case do you feel bias in favor of the defendant?
 "A. I don't think so, no. In fact I would say no, I do not.
 "Q. Do you feel bias against — in reference to those same experiences, do you feel bias against a plaintiff?
"A. No, I don't.
". . . .
 "THE COURT: It will be the ruling of the Court that inquiry into a prior malpractice case involving this witness would be improper and would not be a legitimate subject of bias that would be inquired into in this trial. So I would not permit you to ask those questions."
(Emphasis added.)
A party is entitled to a thorough and sifting cross-examination of witnesses against him; however, the trial court is vested with considerable control over the scope of cross-examination. Perry v. Brakefield, 534 So.2d 602
(Ala. 1988); Watson v. City of Florala, 420 So.2d 55 (Ala. 1982); Lucky Mfg. Co. v. Activation, Inc., 406 So.2d 900
(Ala. 1981). The judgment of the trial court will be reversed only when there has been an abuse of discretion that causes substantial injury to the objecting party. Perry v. Brakefield,534 So.2d at 608; Watson v. City of Florala, 420 So.2d at 56;Lucky Mfg. Co. v. Activation, Inc., supra.
In determining whether there was an abuse of discretion that caused substantial injury to the plaintiff, I would look first to the offer of proof made by the plaintiff. The witness testified in no uncertain terms that having been a defendant in a medical malpractice action did not make him biased or prejudiced for or against the defendant or the plaintiff in this case. To overcome this testimony, the majority holds, as a matter of law, that a former defendant in a totally unrelated medical malpractice action is automatically biased or prejudiced against a plaintiff who brings an action under the Alabama Medical Liability Act of 1987 and in favor of the defendant in such an action. This I refuse to do.
In determining whether there was an abuse of discretion that caused substantial injury to the plaintiff, I would also look to the record to determine whether the plaintiff was allowed to cross-examine the witness as to other areas of potential bias. In this case, the plaintiff questioned the witness about the fact that he was being paid by the defendant to testify, about the fact that he had given testimony on behalf of two other defendant physicians in Alabama, about the fact that he had never given deposition or trial testimony on behalf of a plaintiff in a medical malpractice action, and about the amount of money that he expected to be paid for his testimony in this case.
Because I would hold that the trial court did not abuse its discretion in precluding testimony concerning the witness's having been a defendant in a prior medical malpractice action, I respectfully dissent.
MADDOX and STEAGALL, JJ., concur.