On October 23, 1991, James M. Milliken filed a complaint against South Realty Company, Inc. (South Realty), alleging that South Realty had failed and refused to pay Milliken his 50% commission on the sale of certain property. In his complaint Milliken asked for a judgment against South Realty in the amount of $28,500 (which was 50% of the commission received by South Realty).
South Realty filed an answer. On March 5, 1992, South Realty filed an amended answer to include set off and recoupment. On that same date, South Realty filed a counterclaim, stating that it had paid advances and expenses on behalf of Milliken in the amount of $7,161.90 and that Milliken had failed and refused to repay such amounts to South Realty.
After being continued on three different occasions upon the request of Milliken, this matter proceeded to trial on March 17, 1993. The jury returned a verdict in favor of South Realty on Milliken's complaint and a verdict in favor of South Realty on its counterclaim against Milliken. The jury awarded damages in the amount of $7,161.90 on the counterclaim.
Milliken appeals and raises several issues.
The first question which we must address is what is being appealed? South Realty *Page 930 
contends that Milliken's notice of appeal does not properly appeal the judgment for South Realty on Milliken's claim against South Realty and that the only issues that this court should consider are those related to the counterclaim.
Our review of the record reveals that although Milliken's attorney was less than exact in the manner in which he completed the notice of appeal, it is not fatal to his appeal regarding his original complaint. In a situation where a notice of appeal is filed after a judgment favorable to an appellee has been rendered, the appellee should be aware that review might be sought on a matter not specifically indicated in the notice of appeal. Edmondson v. Blakey, 341 So.2d 481
(Ala. 1976).
Rule 3(c), A.R.A.P., provides, in part: "[t]he notice of appeal . . . shall designate the judgment, order or part thereof appealed from. . . . Such designation of judgment or order shall not, however, limit the scope of appellate review." Rule 4(a)(1), A.R.A.P., provides, in part: "On an appeal from a judgment or order a party shall be entitled to a review of any judgment, order, or ruling of the trial court."
The appellate courts have repeatedly stated that "[n]othing in the rules is designed to catch the unwary on technicalities." Edmondson, 341 So.2d at 484; Witherspoon v.City of Mobile, 513 So.2d 62 (Ala.Crim.App. 1987).
While Milliken's attorney should have researched the matter more thoroughly before completing the notice of appeal, we have no alternative under the liberal construction of Rule 3(c) but to consider issues related to both the original complaint and the counterclaim as part of this appeal.
This entire case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
Milliken argues in his first issue that the trial court abused its discretion in denying his motion for continuance and in denying his motion for a voluntary dismissal without prejudice.
Our review of the record reveals no motion for a continuance was filed with the court or made orally before the court. Clearly, there is no error regarding the failure to grant a continuance. Bevill v. Owen, 364 So.2d 1201 (Ala. 1979). Further, it appears that the motion for a voluntary dismissal was made on the morning of the first day of trial, after the trial judge granted South Realty's motion to strike Milliken's amended complaint, which had been filed the day before. The amended complaint added new defendants and a new claim.
We hold that this issue has no merit, as the committee comments to Rule 41, A.R.Civ.P., provide that once an answer has been filed, "voluntary dismissal can only be upon court order, and the court is given broad powers to prevent harassment of or inconvenience to the defendant by an arbitrary dismissal at this advanced stage of the case." The trial court's denial of a motion under Rule 41(a)(2) is within its sound discretion, and its judgment will not be reversed on appeal unless there is a showing that the court abused its discretion. Bevill, 364 So.2d 1201. We cannot say that the trial court abused its discretion in refusing to grant this motion on the morning of the first day of trial, as Milliken told the court that he wished to dismiss this case, which had been pending for one and one-half years, so that he could refile the action.
In his second issue, Milliken apparently contends that the trial court committed reversible error when it refused to allow him use of a deposition to impeach James Vaughn, the president of South Realty, called as Milliken's witness. Our review of the record reveals that while the trial court did not allow Milliken to use Vaughn's deposition initially, the court did allow Milliken to recall Vaughn under the adverse witness rule, Rule 43(b), A.R.Civ.P., the next morning and to examine him under that rule.
Milliken contends that the trial court allowed a very limited examination of Vaughn the following morning, concerning the only real issue in the case. However, the trial court is granted liberal discretion regarding proper areas covered in the examination of an adverse witness.Watson v. City of Florala, 420 So.2d 55 (Ala. 1982). Our review of *Page 931 
the record reveals no abuse of discretion on the part of the trial court.
In his third issue, Milliken argues that the trial court's refusal to give the appropriate instructions to the jury constituted reversible error. Our review of the record reveals that Milliken failed to take any exception to the court's oral charge after the court completed its jury charge and before the jury began its deliberations. This failure to object bars his appeal on this issue. Rule 51, A.R.Civ.P.;Hamilton Auto Parts, Inc. v. Rea, 580 So.2d 1328 (Ala. 1991).
Milliken's final issue relates directly to the counterclaim filed by South Realty. Milliken contends that an employee is not liable to his employer where the employer pays cash advances to the employee against future commissions, with no express or implied promise that the employee repay advances in excess of commissions. Milliken fails to demonstrate to this court exactly how the trial court committed reversible error in regards to this issue. It is the duty of the appellant to demonstrate how the trial court committed reversible error. Connerly v. Connerly, 523 So.2d 461
(Ala.Civ.App. 1988).
In any event, our review of the record reveals that there was ample evidence to allow the jury to draw the conclusions that it did. Thus, we will not disturb the judgment entered by the trial court. Star Freight, Inc. v. Sheffield,587 So.2d 946 (Ala. 1991).
The motion of South Realty for costs, damages, attorney's fees and sanctions pursuant to Rule 38, A.R.A.P., is hereby denied.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.