MONTIEL, Judge.
James Christopher Franklin was convicted •for trafficking in cocaine, in violation of § 13A-12-231, Code of Alabama 1975. He was sentenced to 12 years’ imprisonment and was ordered to pay a $50,000 fine and a $100 fee to the Alabama Victims’ Compensation Fund.
*1201 Franklin argues on appeal, among other things, that he was denied effective assistance of counsel at trial because his trial counsel also represented a codefendant, whose case was consolidated with his and tried before the same jury that heard Franklin’s ease. Franklin argues that his trial counsel therefore had a conflict of interest that prevented his trial counsel from adequately representing Franklin.
Franklin was sentenced on February 17, 1993. On March 3,1993, trial counsel filed a notice of appeal to this Court and filed a motion for a new trial with the trial court. On March 4, 1993, the trial court denied Franklin’s motion for a new trial and appointed new appellate counsel for Franklin. In an effort to comply with the mandates of Ex parte Jackson, 598 So.2d 895 (Ala.1992), Franklin’s appellate counsel, on March 12, 1993, filed in the trial court a motion to stay the time for filing a motion for a new trial. On March 16,1993, the trial court denied the motion to stay the time because the transcript of the trial for purposes of the appeal were filed on that same day, i.e., March 16.
Nevertheless, on April 12, 1993, this Court held that the trial court could not deny a motion to extend the time in which a motion for a new trial may be filed pursuant to Ex parte Jackson, and granted the appellant an additional 21 days in which to file a motion for a new trial with the trial court. The appellant timely filed a motion for a new trial on May 3, 1993, pursuant to this Court’s order. In that motion, the appellant raised the issue of ineffective assistance of counsel. On that same date, the trial court, without a hearing on the issues raised, denied the appellant’s motion for a new trial.
This Court is unable to review the issue of whether trial counsel was ineffective without a complete record. We, therefore, remand this case with directions that the trial court conduct an evidentiary hearing on Franklin’s claim based upon trial counsel’s dual representation of a codefendant during a consolidated trial. See Miller v. State, 568 So.2d 1253 (Ala.Crim.App.1990); Thompson v. State, 525 So.2d 820 (Ala.1985). The trial court shall take necessary action to see that a transcript of the proceedings on remand are returned to this Court within 90 days of this opinion.
This Court reserves ruling on other issues raised by Franklin on this appeal until a proper return to remand is made to this Court.
REMANDED WITH DIRECTIONS. 
All the Judges concur.