THOMPSON, Presiding Judge, concurring in part and dissenting in part.
I dissent to that part of the main opinion reversing the judgment insofar as it orders Carl David Myers ("the husband") to pay the minor child's private-school tuition. As to that issue, I agree with Judge Moore's special writing.
I also dissent to that part of the main opinion that reverses the trial court's award of periodic alimony and remands the cause for a determination of " 'what, if any, amount of alimony might be warranted based upon the wife's expenses and the husband's income.' " 260 So.3d at 67, (quoting Sosebee v. Sosebee, 896 So.2d 557, 562 (Ala. Civ. App. 2004) ). The evidence is undisputed that, during the marriage, the husband paid Kimberly Berry Myers ("the wife") $14,500 each month from which she paid household expenses and otherwise spent as she wished. The husband, a veterinarian, consistently earns at least $118,000 as an annual salary, and he also receives other annual income of approximately $225,000, for a total annual income of at least $343,000. That constitutes income to the husband of approximately $28,580 a month.
The record indicates that the parties enjoyed a comfortable lifestyle during the marriage. In addition to the marital residence, the parties had a condominium at Orange Beach that the wife and the parties' children enjoyed, and the husband had purchased a house on Dauphin Island. The wife testified that the family used to take vacations to the beach and to Disney World. The parties held their older child's 16th birthday at the Grand Hotel. When that child graduated from high school, the parties had a party, to which that child's entire graduating class was invited, at a farm where they could ride horses. It is reasonable to believe that the wife would want to provide the same type of gatherings for the parties' minor child as she becomes older. The husband enjoyed drag racing his own vehicle, which he had outfitted with a special package costing approximately $25,000. He also enjoyed hunting and fishing from a boat he owned with his brothers.
The wife presented evidence demonstrating the standard of living the parties enjoyed during the marriage. The trial court was able to hear the evidence in this matter, to consider the parties' lifestyle and the conduct of the parties during the marriage, and then to determine an equitable amount of alimony for the wife as well as the husband's ability to pay that amount. As the main opinion points out, " '[t]he purposes of alimony are to preserve, to the extent possible, the economic status of the parties that existed during the marriage and to provide support for the dependent former spouse.' " 260 So.3d at 67 (quoting Carter v. Carter, 934 So.2d 406, 409 (Ala. Civ. App. 2005), citing in turn Kahn v. Kahn, 682 So.2d 1377, 1380 (Ala. Civ. App. 1996) ) (emphasis added). Periodic alimony is not intended to simply enable the former dependent spouse to meet his or her proven monthly expenses.
*69 "It has long been the law that both 'the award and [the] amount of periodic alimony are matters which lie within the discretion of the trial court and may be reversed upon an appeal only for a clear abuse of the trial court's judicial discretion.' Scott v. Scott, 460 So.2d 1331, 1332 (Ala. Civ. App. 1984) ; Groenendyke v. Groenendyke, 491 So.2d 959, 961 (Ala. Civ. App. 1986) (same); and Holmes v. Holmes, 409 So.2d 867, 868 (Ala. Civ. App. 1982) (same)."
Knight v. Knight, 226 So.3d 688, 693 (Ala. Civ. App. 2016). Furthermore, a trial court's determination as to alimony and the division of property following an ore tenus presentation of the evidence is presumed correct. Parrish v. Parrish, 617 So.2d 1036 (Ala. Civ. App. 1993). Moreover, I " 'note that there is no rigid standard or mathematical formula on which a trial court must base its determination of alimony and the division of marital assets.' Yohey v. Yohey, 890 So.2d 160, 164 (Ala. Civ. App. 2004)." Stone v. Stone, 26 So.3d 1232, 1236 (Ala. Civ. App. 2009).
I do not believe that this court can say that, in light of the evidence of the parties' 23-year marriage, of the parties' lifestyle during the marriage, and of the parties' conduct during the marriage, the trial court abused its discretion in its award of periodic alimony to the wife.
I concur with the remainder of the opinion.